(9 App. Div. 279.)

## MACAULEY v. SCHNEIDER.

(Supreme Court, Appellate Division, Second Department.   October 30, 1896.)

1. NEGLIGENCE—DEFECTIVE SIDEWALK—LIABILITY OF PROPERTY OWNER.
    A person who maintains a nuisance on a sidewalk is liable for injuries caused thereby, though the city is also liable.

2. SAME—PROXIMATE CAUSE.
    The proximate cause of injuries resulting from slipping on ice formed by water discharged on a sidewalk from an awning maintained by defendant, without authority, was the ice, and not the awning; and therefore defendant was liable only in case the mode adopted by him of discharging the water from the awning was negligent or improper.

Appeal from trial term, Kings county.

Action by Julia A. Macauley against Catherine Schneider for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Hugo Hirsh, for appellant.
Abram H. Dailey, for respondent.

CULLEN, J.   This action is brought to recover damages for personal injuries sustained by the plaintiff by falling upon ice upon a sidewalk in the city of Brooklyn. The complaint alleged that the defendant was the owner of the adjacent premises, and maintained an awning extending over the sidewalk, so constructed as to receive the falling rain and snow, and drain them through a gutter into a leader, at the foot of which the water was discharged upon the sidewalk; that in cold weather it froze and became dangerous. On the trial, the construction of the awning and leader was undisputed. The defendant contended that they were built by her tenant, and that she was not responsible for them. The evidence, however, was sufficient to require the court to submit this question to the jury. There was shown no permission or authority from the city to construct the awning or leader. The plaintiff gave evidence tending to show that she fell from slipping on some ice on the sidewalk, at the foot of the leader, and so received her injuries.

When the plaintiff rested her case, and also at the close of the whole evidence, the defendant moved to dismiss the complaint, on the ground that the city alone, and not she, was liable for the injury. This motion was denied. This ruling was correct. It is undoubtedly true that the duty of maintaining its streets in a reasonably safe condition for travel rests upon the city, and for a failure to discharge that duty the city is liable. But, though the city may be liable, it by no means follows that other persons who have contributed to the unsafe condition of the streets are not also liable. Here, if the awning and leader were so constructed as to render the discharge of water on the sidewalk dangerous to travelers, the person who erected such structure was an active participant in the wrong, and liable for it. The case is to be distinguished from those

of Moore v. Gadsden, 87 N. Y. 84, and Wenzlick v. McCotter, Id. 122. In the first case the defendant did not contribute to the obstruction upon or dangerous condition of the sidewalk. He was the owner of the adjacent lot, and the natural grade of the premises was such that the water flowed from his land upon the sidewalk. It was held that he was not bound to change the natural condition of his property, so as to prevent the water from flowing into the street. In the second case the water was discharged on the sidewalk from a leader on the front or face of an adjacent house. The defendant was held not liable, because he neither constructed the leader, nor used it after construction. Nor is the principle of City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937, applicable here. In that case it was sought to make the abutting owner liable for injuries caused by the unsafe condition of the sidewalk; not on the claim that the defendant in any wise, by his affirmative act, contributed to that unsafe condition, but because he had failed to comply with the requirements of the city ordinance that he should remove snow and ice. The present case falls within that of Kirby v. Association, 14 Grav, 249, where it was held that the defendant was liable for any nuisance in the public street to which it had contributed, but not liable for failing to comply with the city ordinance which required it to clear the sidewalk of snow and ice.

But, though we think the plaintiff made out a case justifying its submission to the jury, we think it was submitted to the jury upon an erroneous theory, and that the question is properly raised by the exceptions of the defendant. The court instructed the jury that, no authority for the construction of the awning or leader upon the sidewalk having been shown, these structures were unlawful and a nuisance. This charge was correct, but the court further charged that, if the plaintiff slipped on ice formed by the water running from the leader, the plaintiff's case was made out. This, we think, was incorrect. Doubtless, as the leader and awning were in the public street, and therefore constituted a nuisance, the defendant (if she maintained them) would be liable to any traveler who was directly injured by them. But the plaintiff was not injured by the awning or by the leader, but from the fact that the water discharged by the leader froze on the sidewalk. Therefore there intervened between the structures and the injury to the plaintiff another contributing cause, the falling and freezing of the water. The water would have fallen on the sidewalk had there been no awning, and, falling there, would have been liable to form ice. It is probably true that, by collecting the water and discharging it in bulk at a single place, the liability to form ice and render the sidewalk dangerous was very much increased. But, granting this, then the cause that occasioned the plaintiff's injury was not the existence of the leader and awning in the highway as obstructions thereon, but the collecting together of water, and discharging it on the sidewalk. We see no difference between this case, where the rain first fell on the awning, and one where the water was collected from the premises of the adjacent owner, and similarly discharged on the sidewalk. The place where the water originally fell and from which it was collected did not affect

or change the liability for discharging the water on the sidewalk. Nor did the ordinance of the city directing that the water be discharged under the sidewalk make the defendant's method of discharge unlawful per se, but only evidence authorizing the jury to find the method improper. Knupfle v. Ice Co., 84 N. Y. 488. We think, therefore, that the case falls within the rule laid down by Judge Danforth in Wenzlick v. McCotter, supra; that it should have been submitted to the jury, as if an action for negligence, to determine whether the mode of discharging water adopted by the defendant was improper or negligent, and the defendant held liable only in case the jury answered that question affirmatively; or, if submitted as an action for nuisance, the question of the existence of the nuisance should have been left to the jury to determine as a question of fact, the jury being instructed that, if the defendant maintained the leader in such a position as to render the highway unsafe and dangerous to travelers, that constituted a nuisance. But the learned trial judge substantially held that, if the plaintiff slipped on ice formed by water flowing through the leader, the defendant was liable, because the leader was unlawful, apart from any question of whether the act of the defendant in discharging the water was either negligent or created a nuisance.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.