## CONNOLLY v. BURSCH.

(Supreme Court, Appellate Division, Second Department. March 8, 1912.)

1. MUNICIPAL CORPORATIONS (§ 808*)—INJURY TO PEDESTRIAN—LIABILITY OF ABUTTING PROPERTY OWNER.

An owner of property abutting on a street is not liable for any injury to a pedestrian caused by a failure to comply with an ordinance requiring the removal of snow and ice from sidewalks.

[Ed. Note.—For other cases, see Municipal Corporations. Cent. Dig. §§ 1684–1687, 1690–1694; Dec. Dig. § 808.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Municipal Corporations (§ 808*)—Injury to Pedestrian—Liability of Abutting Property Owner.

An owner of property abutting on a street, who sweeps from the sidewalk newly fallen snow, as required by an ordinance, and thereby leaving ice accumulated on the walk without covering the same with ashes or sand, as required by the ordinance, is not liable for injuries to a pedestrian slipping on the ice.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1684–1687, 1690–1694; Dec. Dig. § 808.*]

Action by Helen Connolly against Friedrich J. W. Bursch. The trial court dismissed the complaint and gave plaintiff exceptions and ordered the same heard in the first instance in the Appellate Division. Exceptions overruled, and judgment ordered for defendant.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Elmer S. White, for plaintiff.
Carl Schurz Petrasch, for defendant.

RICH, J. This is an action to recover damages for a personal injury occasioned in consequence of the plaintiff's fall upon an icy sidewalk. The action is brought against the owner of the property, who is also alleged to be the plaintiff's landlord. The complaint alleges the ownership. That an ordinance of the city of New York required that:

"Every owner, lessee, tenant, occupant or other person having charge of any building or lot of ground in the city abutting upon any street, avenue or public place where the sidewalk is paved, shall, within four hours after the snow ceases to fall, or after the deposit of any dirt or other material upon said sidewalk, remove the snow and ice, dirt or other material from the sidewalk and gutter, the time between nine p. m. and seven a. m. not being included in the above period of four hours."

And that:

"In case the snow and ice on the sidewalk shall be frozen so hard that it cannot be removed, without injury to the pavement the owner, lessee, tenant, occupant or other person having charge of any building or lot of ground as aforesaid, shall, within the time specified in the last preceding section, cause the sidewalk abutting on the said premises to be strewed with ashes, sand, sawdust or some similar suitable material, and shall, as soon thereafter as the weather shall permit, thoroughly clean said sidewalk."

That the defendant violated the provisions of this ordinance by failing and neglecting to remove snow, ice, dirt, and materials from the sidewalk in front of his premises and neglected to cause such sidewalk to be strewed with ashes, sand, sawdust, or other similar suitable material and "failed and neglected to perform any of the duties enjoined" upon him by said ordinance, and "negligently, recklessly, and wrongfully undertook to regulate, alter, change, and improve said dangerous condition of said sidewalk at said place, whereby the condition of said sidewalk became even more dangerous, in that they removed the loose snow therefrom, leaving the hard slippery ice exposed, uncovered by any ashes, sawdust, sand, or other similar suitable material." That on or about January 2, 1904, the plaintiff, while passing over said

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

walk, using due care, fell thereon, "solely by reason of the aforesaid negligence, recklessness, and wrongful conduct of the defendant," and received the injuries for which she seeks to recover in this action.

In opening the case to the jury counsel for the plaintiff stated:

"This snow, which fell on the morning of January 2d, was to an extent a protection of pedestrians against the condition which existed there of this packed down ice. * * * Regardless of any question whether he was under any duty at all prior to the time that the janitor went out and took that snow off, the very moment he went out and took that snow off the ice, and left it without any sand, salt, sawdust, or ashes or anything, that moment the landlord became responsible, with the janitor, for the condition of this sidewalk."

The learned trial court, upon the pleadings and opening of counsel, dismissed the complaint, gave the plaintiff an exception, and·ordered the same heard in the first instance at the Appellate Division.

The complaint and opening state a cause of action against the defendant based solely upon his violation of the municipal ordinance: First, in having permitted snow and ice to accumulate on the walk; and, second, in having swept off the newly fallen snow therefrom without causing the accumulated ice thus uncovered to be covered with sand, sawdust, or other suitable material.

[1] It is well settled that the owner of real property is not liable for an injury to a pedestrian, sustained through failure to comply with the requirements of a municipal ordinance. Moore v. Gadsden, 93 N. Y. 12; City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760. The cases relied upon by the plaintiff of Rohling v. Eich, 23 App. Div. 179, 48 N. Y. Supp. 892, and Tremblay v. Harmony Mills, 171 N. Y. 598, 64 N. E. 501, are not authorities sustaining his contention. In the former case the abutting owner swept snow from his lot upon the sidewalk, where he permitted it to remain, forming an obstruction which imperiled the safety of persons lawfully using the public street, and in the latter case the property owner maintained a leader from the roof of their building which discharged water upon the sidewalk, where it froze, rendering the walk dangerous and unsafe. The principle of these cases is that a property owner whose affirmative wrongful act is the occasion of injury to a pedestrian lawfully using the walk may be held liable in damages.

[2] In the case at bar there was no such negligence. The negligence which is sought to be made the basis of his liability, viz., the sweeping of the newly fallen snow from the walk, was a lawful act, and one required by the ordinance of the city. Neither the complaint nor opening discloses any facts creating a cause of action against the defendant, and the learned justice presiding at the trial properly dismissed the complaint.

Plaintiff's exception is overruled, the motion for a new trial denied, with costs, and judgment ordered for the defendant on the nonsuit. All concur.