Patrick Dunn, Plaintiff, *v.* City Bank Farmers Trust Company, as Successor Trustee under the will of William McLaughlin, Deceased, Defendant.

Supreme Court, Trial Term, New York County, December 6, 1949.

*Jeremiah A. O'Leary* and *Stephen W. O'Leary* for plaintiff.

*Walter J. Hampton* for defendant.

Gavagan, J. This is a personal injury action in which the plaintiff recovered a jury verdict. Defendant's motion to set aside the verdict is before the court for decision.

The case involves the civil duty of a landowner who voluntarily undertakes to clear snow from the adjoining sidewalk.

The great snowstorm of December, 1947, finally stopped

in the early morning hours of the 27th, leaving the city under a two-foot layer of snow and enmeshed in a traffic snarl that was not fully cleared for weeks thereafter. At the time of dusk on Sunday, the 28th, the plaintiff was injured in front of the defendant's premises on Third Avenue near 44th Street. He had been walking north through a narrow path, sixteen to eighteen inches wide, on the east side of the avenue. Coming along the path in the opposite direction was a man with a large, vicious, unmuzzled dog on a leash. The plaintiff testified that the dog was in the path, that he knew it to be a vicious dog and that he was afraid of it. To avoid danger he placed his right foot on the snowbank beside the path leaving his left foot in the path. The bank was glazed with ice from alternate thawing and freezing during the previous thirty-six hours. The plaintiff slipped and fell suffering the injuries complained of. There was testimony that the defendant's janitress had shovelled the path the morning before the accident, and that in doing so she had thrown snow alternately on each side of the path.

The case was sharply contested. Almost all the material facts were contradicted, either by the plaintiff's own witnesses or by the defendant. But the foregoing represents the story viewed in a light most favorable to the plaintiff.

That an adjoining landowner has no affirmative civil duty to clear the sidewalk is a doctrine too familiar for citation and too old to question. But there is an age-old anomaly of the law of torts which holds that where there is no affirmative duty to act, nevertheless a volunteer must perform his gratuitous deed carefully. It is under this theory that the plaintiff framed his complaint and tried his case. It has often been used in these snow and ice cases against adjoining landowners. Sometimes it has succeeded (*Green* v. *Rosenberg, Inc.,* 186 Misc. 79 [1944], affd. 269 App. Div. 819, affd. 295 N. Y. 584) and sometimes it has failed (*Connolly* v. *Bursch,* 149 App. Div. 772 [1912]; *Kelly* v. *Rose,* 291 N. Y. 611 [1943]).

According to the *Connolly* and *Kelly* cases (*supra*) a landowner who leaves a patch of ice on the walk after clearing the snow is not liable to the pedestrian who falls on it. Although he has undertaken to change the natural conditions he has not created an obstruction in the public way. A jury, therefore, will not be permitted to find the landowner liable. Applying this principle to the facts at bar, if the plaintiff's left foot slipped on the slush in the path, the verdict cannot stand.

On the other hand, if an obstruction is created, and because of it the plaintiff is injured, the landowner may be held (*Green* v.

*Rosenberg, supra*). In that case the plaintiff, to avoid pedestrians coming in the opposite direction, walked along the top of a snowbank beside the path for a distance of five or six feet before falling. The landowner had created the bank in clearing the path. He was held responsible for the injuries.

Thus an artificially created obstruction is the *sine qua non* of liability. There was no other factual basis for a finding of negligence. If the plaintiff in the *Green* case (*supra*) had been walking in the path, which was five feet wide, recovery would have been denied (*Kelly* v. *Rose, supra; Connolly* v. *Bursch, supra*). But instead she walked along the snowbank and the reverse result was reached. To prevent the peril of liability the snow must be cast completely off the sidewalk. If the plaintiff here may recover he must prove that the glazed embankment and not the slushy pathway caused his injury.

Such evidence as there was, proves the contrary. On cross examination counsel asked: " Was it your left leg that slipped as you were standing in the position you described? "

The plaintiff replied: " Yeah, the left leg slipped and the right one came over."

It is arguable that however the accident may have happened, the embankment was its cause, since the height differential forced the plaintiff into an awkward straddle position. But the argument proves too much. The accident might have occurred as it did even if all the snow had been thrown off the walk. The path itself created a two-foot differential. The *Green* case (*supra*) goes to the verge of the law in creating legal liability for gratuitous deeds carelessly done. It ought not to be pushed beyond its facts.

A second ground of decision is the plaintiff's failure to prove proximate causation. That point was not presented in the briefs before either the Appellate Division or the Court of Appeals in the *Green* case (*supra*). Nor was it mentioned by the Trial Justice. But in a later case, involving a similar factual situation, the verdict was set aside and the complaint, dismissed for lack of proximate cause (*Davis* v. *City of New York,* 270 App. Div. 1047 [1946], affd. 296 N. Y. 869 [1947]). There, the city, in clearing the streets with a snowplow, cast a snow hill on the edge of the walk. The plaintiff, to avoid pedestrians from the opposite direction, stepped upon the bank. She then slipped and fell. The court held that the city was not guilty of actionable negligence and also said, " In any event, there is no evidence in the case of a causal connection between the piling of the snow on the outer edge of the sidewalk

and the plaintiff wife's injuries." (270 App. Div. 1047–1048.)

I am aware that the measure of a city's liability is entirely different from that of a landowner. The city has an affirmative duty to clear the walks, while landowners can be held only for a voluntary undertaking carelessly performed. But this, like other differences between the two classes of defendants, merely enters into an evaluation of what facts will be permitted to constitute neligence. If anything, the city's affirmative duty heightens the effect of the *Davis* case (*supra*) here. But the real relevance of the case is on the issue of proximate cause, and negligence must be conceded before that problem logically arises. On that point *Davis* v. *City of New York* (*supra*) is as binding as *Green* v. *Rosenberg* (*supra*) and more persuasive, since the latter did not raise the issue and the former is more recent.

It may be that the expected (or proximate) consequence of a narrow path is that when persons meet from opposite directions an injury may be precipitated. The landowner may be bound to guard against the risk. Whether the *Davis* case (*supra*) can be reconciled with the *Green* case (*supra*) on the question of proximate cause, I cannot say. But the case at bar is distinguishable from both of them. The event that occurred here was a remote coincidence, and the abutting owner was not bound to foresee that a passing vicious dog might cause a fearful man to step up and aside. Who can say that it was not his fear of the dog as it passed his leg which caused plaintiff to lose his balance? Cross-examination brought out the following:

" Q. And the dog, you say, was leaping around on the end of the leash? A. That's right.

" Q. Was it a large dog? A. He was a large dog, yes.

" Q. Were you frightened of the dog? A. I was, yes. The way he was hollering and barking, I thought he was going to bite me, and that is why I jumped to one side.

" Q. You were scared of him; is that right? A. That's right."

Was the defendant bound to guard against the causal possibility which the quoted testimony evinces? Was it the snowbank which caused the injury? Or was it fear, traceable to the sudden presence of an intervening wrongdoer? A jury may not speculate as to which of these equally plausible inferences of causation shall be drawn. Where a set of facts gives rise to evenly balanced inferences, neither is proved (*Taylor* v. *City of Yonkers*, 105 N. Y. 202 [1887]). Since the plaintiff has the

burden, the defendant must succeed. But for the fear engendered by the unexpected presence of the dog, the injury might have been avoided. The risk here negligently created could not fairly encompass the event which resulted.

For the foregoing reasons, the motion to set aside the verdict is granted, and judgment is directed to be entered dismissing the complaint. Settle order accordingly.