Harold Baer, J.
Findings of fact and conclusions of law were waived.
Plaintiff was injured in front of defendant’s store on March 20, 1956, at approximately 8:30 a.m. She caught her foot and slipped on a piece of ice about two inches thick, three feet wide, and alternately described as three feet and five feet long*. The ice was rough and ridged as though it had been hacked. The plaintiff claims that defendant was negligent by reason of the faulty construction of the protruding sign, which caused water to drip in the area where the accident occurred. There is no substantial evidence to sustain this theory of negligence or nuisance (MacCauley v. Schneider, 9 App. Div. 279).
The plaintiff further contends that defendant was negligent in so cleaning the sidewalk as to create and permit a hazardous and dangerous condition and a trap to exist which was the producing cause of this accident.
The United States Weather Bureau report shows that from 1:00 p.m. on March 18 to 8:00 p.m. on March 19, it was snowing; that over nine inches of snow had fallen; that temperatures had been below freezing.
It is conceded that under the circumstances, if the defendant liad not removed the snow and ice in front of its premises by 8:30 a.m. on March 20, there would be no negligence as a matter of law (City of Rochester v. Campbell, 123, N. Y. 405: Mullins v. Siegel-Cooper Co., 183 N. Y. 129; Moore v. Gadsden, 87 N. Y. 84).
*143 The problem that arises is to evaluate the defendant’s responsibility for the work performed by its porter. Was the work performed in a reasonably prudent manner? Was there , an affirmative wrongful act which created the dangerous condition? The porter had cleared off the sidewalk at 6:00 p.m. the night before and at 7:30 a.m. of March 20, the morning of the accident. He used a shovel and a broom. The testimony of the plaintiff and two police officers clearly described the ridged and hacked piece of ice on which plaintiff fell. They also described the walk as well cleared except for several patches of ice, including the one that caused this accident. The porter’s testimony in his examination before trial is not too clear, nor did he remember the details of what he had done on that particular day. He knew nothing about the accident until several weeks after the occurrence. The plaintiff was walking to work. She was traversing an apparently cleared walk when she fell on this block of ice. The defendant rested after the completion of plaintiff’s case. Under these circumstances the most liberal interpretation must be given to the plaintiff’s testimony {Schwier v. New York Cent & Hudson Riv. R. R. Co., 90 N. Y. 558, 564).
I find that the rough and ridged ice was caused by the defendant’s porter. He cleaned off most of the sidewalk but left several patches of ice which he had hacked and permitted to remain and freeze. The one near the north entrance to defendant’s store was approximately two inches thick, three feet wide, and three feet long. It was ridged and hacked. The plaintiff was free from contributory negligence.
Snow and ice cases are abundant. Our courts have consistently refused recovery where accidents occurred because of the failure on the part of the abutting owner to get all the snow and ice off the sidewalk (Kelly v. Rose, 291 N. Y. 611; Connolly v. Bursch, 149 App. Div. 772; Hendley v. Daw Drug Co., 293 N. Y. 790; Spicehandler v. City of New York, 303 N. Y. 946; Herrick v. Grand Union Co., 1 A D 2d 911). While denying recovery, these very courts have expressly affirmed the general principle that a property owner whose affirmative wrongful act is the occasion of injury to a pedestrian lawfully using the sidewalk, will be held liable in damages. The affirmative wrongful act to which the courts have consistently referred is such an act as would increase the hazard or create a new hazard (Connolly v. Bursch, supra; Herrick v. Grand Union Co., supra; Tremblay v. Harmony Mills, 171 N. Y. 598; Green v. Murray M. Rosenberg, Inc., 186 Misc. 79, affd. 269 App. Div. 819, affd. *144 295 N. Y. 584; Nelson v. Schultz, 170 Misc. 681; 5 Warren’s Negligence, p. 605 et seq.).
In reviewing those cases where abutting owners were held liable and where they were not, there seems to be a distinction between a condition which existed and was not corrected by the owner of the premises, and a condition created by the owner. Judge Bkbitel, in the case of Golub v. City of New York (201 Misc. 866, affd. 282 App. Div. 666) clearly explains this distinction in his discussion of the Nelson and Connolly cases, where he states (p. 868): “ in the case of Nelson v. Schultz [citation], most often cited as authority for the proposition that improper snow and ice removal imposes liability upon the abutting owner, the defendant created the ‘ hilly and slippery portions ’ upon which the plaintiff fell by ‘ chopping away the accumulation of ice ’. While some of the language in Mr. Justice H allin art’s opinion would seem to impose liability for merely incomplete snow and ice removal, it is clear from a reading of the entire opinion, that the abutting owner, in order to be held liable, must have created, not merely exposed or failed to remove an independently created, dangerous condition. * * * Such a reading of Nelson v. Schultz * * * reconciles it with the unquestioned authority of Connolly v. Bursch [citation]. In that case, defendant was held not liable for sweeping snow from pavement leaving exposed (but unaltered) slippery ice accumulation upon which plaintiff fell. This evidently is the basis for the distinction in Kelly v. Bose [citation], a memorandum decision, which affirmed a judgment for defendant in the Appellate Division on the authority of Connolly v. Bursch (supra).”
The instant case is not a situation wherein the cause of the accident was the virgin snow and ice resting on the sidewalk in its natural state or where the condition resulted from the owner’s naked failure to remove the snow and ice from the sidewalk without more, or an unexplained presence of ice or snow after ice or snow was removed. (See Zysk v. City of New York, 300 N. Y. 507; Hendley v. Daw Drug Co.. 293 N. Y. 790, supra; Golub v. City of New York, supra.) On the contrary, the facts of this case lead irresistibly to the conclusion that while nature created the snow, the porter created the ridged, rough and hacked patch of ice, which, in my opinion, as the trier of the facts, was the competent producing cause of this accident (Nelson v. Schultz, 170 Misc. 681, supra; Green v. Murray M. Rosenberg, Inc., 186 Misc. 79, supra; Mullins v. Siegel-Cooper Co., 183 N. Y. 129, 136, supra).
*145 It may be said that we must not discourage owners from cleaning their walks; that it is better to clear partially than not at all. However, this socially beneficial concept should not be permitted to interfere with the ancient right of the public to use public streets or highways with reasonable assurance of safety. It is axiomatic that the primary purpose of any public highway is for passage. It is a well-accepted principle of common law that where an abutting owner does any act or creates an obstruction which unnecessarily incommodes or impedes the lawful use of a highway, this is a public nuisance and any person who sustains an injury therefrom may maintain an action to recover (Tremblay v. Harmony Mills, 171 N. Y. 598, supra; MacCauley v. Schneider, 9 App. Div. 279, supra; Weiss v. Cowdrey, 190 App. Div. 358).
The plaintiff here suffered multiple fractures of the femur and a fracture of the right wrist, causing a permanent shortening and deformity of the right hip and the right arm. Prior to the accident she was self-supporting and worked as a tucker and pleater in the ladies’ garment trade. As a result of the accident she was left with such a limitation of motion of her right arm and leg as to make it impossible for her to use a sewing machine and continue in her trade. Her medical special damages approximate $4,000. Prior to the accident her average annual earnings were over $2,000. She is now 65 years of age and it is unlikely that she ever will be able to earn her own livelihood. In light of these circumstances, I grant judgment to the plaintiff in the amount of $35,000.
Ten days’ stay, 60 days to make a case.