Arnold Becker, Police Justice.
The defendant, Pauline Brown, owns and operates a restaurant under the firm name and style of Brown’s Luncheonette, at 27 North Main Street, Spring Valley, New York, and has so operated this restaurant for nearly 30 years. The plaintiff, Sara G-roland, claims that on June 2, 1960, sometime in the afternoon, she was caused to fall on the sidewalk in front of defendant’s restaurant. The pleadings were oral, and there was no hill of particulars. A jury trial was demanded, but waived.
Plaintiffs’ evidence indicated the hole in the sidewalk, the accident, and injuries to the left wrist, sternum, and left anterior ribs of the plaintiff.
As a general rule, there is no liability on an abutting property owner for a defective condition of a public sidewalk. One of the first cases setting forth this rule, which is still widely cited, is the case of Moore v. Gadsden (93 N. Y. 12). This ease was followed a few years later by the case of the City of Rochester v. Campbell (123 N. Y. 405). That case went even further than the general rule. In the Rochester case, the city had an ordinance requiring the adjoining property owners to repair the public sidewalk. The court held that such an ordinance merely made the owner liable for the cost of repairs, but could not place liability on the owner for injury caused to a third person by reason of the defective condition of the sidewalk.
More recently, in 1959, in the First Department, in the case of Greenberg v. Woolworth Co. (18 Misc 2d 141), the court reiterated the general rule, citing both the Rochester and Moore cases. It will be noted that in the Greenberg case, the court ultimately found for the plaintiff on the ground of evidence showing that the defendant had in effect affirmatively created a condition on the sidewalk which caused the accident.
Here, there was no evidence that the defendant in any way affirmatively created any defective condition.
Motion to dismiss by the defendant at the close of the plaintiffs ’ case on the ground that there is no liability on the part of the defendant as a matter of law is hereby granted and complaint is dismissed.