■    JOHN MILLS et al., Respondents, v. FARWIN REALTY CORP., Appellant.— In an action to recover damages for personal injuries, medical expenses, etc., defendant appeals from an order of the Supreme Court, Nassau County, entered December 28, 1967 after a nonjury trial on the issue of liability only, which determined the issue in favor of plaintiffs. Order affirmed, with costs. The trial court found that defendant's employee, in removing snow from the public sidewalk, did not do it properly and created a dangerous condition. In our opinion that finding is supported by the proof that the employee "hacked out" the snow or ice, leaving ridges which caused the plaintiff wife to fall (*Greenberg* v. *Woolworth Co.*, 18 Misc 2d 141, affd. 10 A D 2d 567, mot. for lv. to app. den. 7 N Y 2d 711). Cases such as *Spicehandler* v. *City of New York* (303 N. Y. 946) and *Kelly* v. *Rose* (291 N. Y. 611), relied on by defendant, where there was merely a failure to remove all the ice and snow from the sidewalk, are therefore distinguishable. Brennan, Munder and Martuscello, JJ., concur; Christ, Acting P. J., dissents and votes to reverse the order and to dismiss the complaint, with the following memorandum, in which Benjamin, J., concurs: The majority concludes that defendant, having undertaken to clear the sidewalk in front of its premises, committed an affirmative act of negligence by its creation of the "ridge" of snow and ice upon which plaintiff wife fell (*Greenberg* v. *Woolworth Co.*, 18 Misc 2d 141, affd. 10 A D 2d 567, mot. for lv. to app. den. 7 N Y 2d 711). The distinction drawn by the majority between the *Greenberg* case (*supra*) and cases such as *Connolly* v. *Bursch* (149 App. Div. 772) and *Kelly* v. *Rose* (265 App. Div. 1068, affd. 291 N. Y. 611) overlooks the realities involved. In *Connolly*, this court affirmed the dismissal of the action upon the pleadings and plaintiff's opening statement. The complaint therein alleged that, in partially clearing the sidewalk, defendants' affirmative acts rendered the sidewalk "'even more dangerous, in that they removed the loose snow therefrom leaving the hard slippery ice exposed, uncovered by any ashes, sawdust, sand or other similar suitable material'" (*supra*, p. 774). In *Kelly* (which relied on *Connolly*), we reversed the judgment in plaintiff's favor and dismissed the complaint. The defendant property owner's alleged negligence therein consisted of removing a blanket of soft snow from the sidewalk, thereby permitting "'the ice thereunder to become and remain exposed in a hilly, slippery and dangerous condition'" (*supra*, p. 612). *Connolly* and *Kelly* cannot be characterized as cases in which, as stated by the majority on this appeal, the defendant "merely" failed "to remove all the ice and snow from the sidewalk." It is clear that, in both *Connolly* and *Kelly*, the plaintiffs' theory of recovery was that the defendants' affirmative acts in partially clearing the sidewalk resulted in the creation of conditions more dangerous than those previously existing. This court rejected the theory. If the affirmative acts of the defendants in *Connolly* and *Kelly* could not be characterized as negligent, we cannot perceive how the present defendant's act of creating ridges of snow and ice "an eighth of an inch or an inch" (according to the plaintiff wife's testimony) may be so characterized. The majority's holding casts an unreasonable standard of care upon property owners. The practical result is that pedestrians will be forced to trudge through heavy snow because property owners will be reluctant to clear any path at all for fear of bringing upon themselves serious liability arising out of their snow removal work.