■ THERESA BRICCA, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant.— In a negligence action to recover damages for personal injuries sustained when plaintiff fell on a patch of ice on the sidewalk adjacent to defendant's property, defendant appeals from a judgment of the Supreme Court, Kings County, entered September 15, 1970, in favor of plaintiff upon a jury verdict of $25,000. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The questions of fact have not been considered. Plaintiff testified that the patch of ice on which she fell was "gray, dirty, rather choppy looking, as if it had been pried; chopped." Defendant's employee testified that the patch of ice was thin and clean. The investigating police officer testified that the ice was smooth and quite slippery and that the rest of the sidewalk had been cleared. In charging the jury the court stated: "The defendant cannot be held liable for its acts in removing the recently fallen snow from the sidewalk. The defendant can only be held liable for creating a dangerous condition as a consequence of negligently removing a portion of the ice *or leaving pieces of ice on the sidewalk,* with the consequence that such dangerous condition caused plaintiff to fall" (italics supplied). Defendant asked the court to charge the jury that it is not negligence to fail to remove completely all snow and ice from the sidewalk. The court refused to so charge except as already charged. The law applicable to this case is well stated in *Herrick* v. *Grand Union Co.* (1 A D 2d 911). There the court stated: "The rule is that a failure to get all the snow and ice off the walk is not negligence. (*Spicehandler* v. *City of New York,* 303 N. Y. 946; *Hendley* v. *Daw Drug Co.,* 293 N. Y. 790; *Kelly* v. *Rose,* 291 N. Y. 611; *Connolly* v. *Bursch,* 149 App. Div. 772.) To recover it must be shown that the hazard was increased by what was done in the process of removing snow and ice." At bar the testimony of defendant's employee and the police officer indicates that this case is one of incomplete snow removal and that no new dangerous condition was created by defendant (*Spicehandler* v. *City of New York,* 303 N. Y. 946). Plaintiff's testimony, on the other hand, tended to establish that defendant had created a hazardous condition by chopping the ice patch (*Mills* v. *Farwin Realty Corp.,* 30 A D 2d 537, app. dsmd. 23 N Y 2d 897). In light of the above, it was error for the court not to clearly instruct the jury that the failure to completely remove the snow and ice was not negligence. The charge, however, particularly in the portion underscored, tended to instruct the jury that defendant could be held liable for leaving pieces of ice on the sidewalk. On the testimony of this case the only way the jury could find for plaintiff is if they found that the ice was made choppy and more hazardous as a result of defendant's activities and the charge failed to make this clear. Rabin, P. J., Munder, Martuscello and Latham, JJ., concur; Benjamin, J., not voting.