■ Daniel M. Glick, Appellant, v City of New York et al., Respondents, et al., Defendants.—Judgment, Supreme Court, New York County (Francis N. Pecora, J.), entered February 23, 1987, upon a jury verdict in favor of defendant City of New York, and the dismissal by the Trial Justice, at the close of defendants' case, of the plaintiff's action and the city's cross claim against the defendant Flowers by Arno, Inc. (Arno), unanimously reversed, on the law, to the extent appealed from, as limited by plaintiff-appellant's brief, and a new trial directed against defendant-respondent Arno, without costs.

Plaintiff brings this action to recover for personal injuries sustained on the afternoon of February 2, 1982, when he slipped and fell on an icy patch of sidewalk as he and his

brother were walking in front of Arno's florist shop on West Eighth Street in Greenwich Village.

Prior to the trial, plaintiff consented to dismissal of his action against the shop's landlord, and the action proceeded to trial against Arno and the city.

The trial evidence established that there had been a four-inch snowfall approximately 10 days prior to the accident; that such accumulation had melted away gradually until no snow was reported on the ground by February 1st; that, after a snowfall, it was standard practice for one or more of Arno's employees to clear the sidewalk of snow; that on the day of the accident there were low mounds of brownish, dirty ice and snow extending along the curbside in front of Arno's shop; that the sidewalk was otherwise clear of snow and ice; and that plaintiff, in stepping aside to avoid oncoming pedestrians, had slipped and fallen on one of these patches of ice.

Having undertaken to clean the sidewalk of snow, Arno was required to exercise reasonable care in so doing or be held liable in negligence where its acts created or increased the hazard inherent in ice and snow on city sidewalks. *(See, Greenberg v Woolworth Co.,* 18 Misc 2d 141, 143-144, *affd* 10 AD2d 567, *lv denied* 7 NY2d 711.)

On a motion by a defendant for a directed verdict, the facts adduced at trial must be considered in the light most favorable to plaintiff *(Prince v City of New York,* 21 AD2d 668) and the plaintiff is entitled to the advantage of every favorable inference that can properly be drawn from the facts presented *(Kraus v Birnbaum,* 200 NY 130, 133). In order to dismiss plaintiff's cause as a matter of law, a determination was required by the trial court that by no rational process upon the proof submitted could the jury have based a finding in favor of plaintiff. *(Sisson v City of New York,* 20 AD2d 695.)

Thus, where it could reasonably be inferred that the ice on which plaintiff slipped was the residue of Arno's snow removal efforts, the question of whether Arno's employees had shoveled the snow into piles at the curbside, a not uncommon method of snow removal, and whether the activity had created a more hazardous condition than would have obtained had the snow been left untouched were factual issues to be resolved by the jury. Concur—Kupferman, J. P., Sullivan, Asch, Milonas and Kassal, JJ.