**Gloria CARTIN and John Cartin, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 93–CV–66.

United States District Court, N.D. New York.

May 23, 1994.

■

Poissant & Nichols, P.C., Malone, NY, for plaintiffs; Joseph P. Nichols, of counsel.

Gary L. Sharpe, U.S. Atty., N.D.N.Y., Syracuse, NY, for defendant; Paula Ryan Conan, Asst. U.S. Atty., of counsel.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

This suit involves a slip and fall accident which occurred on March 5, 1991 in front of the United States Post Office in Potsdam, New York ("post office"). A severe ice storm had hit Potsdam on March 3 and March 4, 1991. The storm was so harsh that routine mail delivery was canceled on March 4, 1991.

During the winter months, after such storms, the Village of Potsdam Department of Public Works (DPW) plows the streets and the sidewalks in the downtown business area, including the sidewalk in front of the post office. The DPW usually plows between 4:00 am and 7:00 am. Additionally, Bruce Dowdle, the maintenance worker for the Post Office, makes arrangements for a private snow plower to plow the sidewalk in front of the post office when necessary. Dowdle also routinely removes ice and snow left behind by the plows and cuts pathways through the snowbanks on the curb to allow pedestrians to reach the sidewalk from the street without having to climb a snowbank or walk to the nearest intersection. Similarly, Village snow plows also routinely clear a path between the street and sidewalk at intersection corners.

Dowdle testified at deposition that he routinely shoveled snow and cut paths through the curbside snowbanks between 5:30 am and 6:00 am, and again at 10:30 am and 2:30 pm. He attests that he followed this routine on the day of the accident, making paths that were approximately 2 to 3 feet in width. Despite these alleged efforts, at approximately 12:10 pm, plaintiff Gloria Cartin slipped and fell while walking to the Post Office. Cartin, who was generally familiar with the area from her many trips to the Post Office during the past several years, parked her car in the parking area in front of the Post Office, walked around the front of

her car and through one of the paths cut in the curbside snowbank. After taking one or two steps, she fell in the pathway and was injured.

As a result, the injured plaintiff and her husband brought this suit pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., under the theory of negligence. The defendant United States moves for summary judgment in its favor based on the argument that the evidence fails to establish a breach of a duty of care by the defendant under New York law.

## II. DISCUSSION

### A. Standard for Summary Judgment

Summary judgment is appropriate when no genuine issues of material fact exist, and thus the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). There must be more than a "metaphysical doubt as to the material facts." *Delaware & H. Ry. v. Conrail*, 902 F.2d 174, 178 (2d Cir.1990), *quoting, Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). All ambiguities must be weighed in favor of the non-moving party. *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991).

■ However, the fact that all reasonable inferences are drawn in favor of the non-moving party does not leave that party with no burden in defending against a motion for summary judgment. It is the non-moving party who must support the ultimate burden of proof by demonstrating that there exists some evidence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In fulfilling this burden of proof, conclusory allegations or a "scintilla of evidence" is not sufficient to create a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). It is in light of this standard that the court reviews this case.

### B. Summary Judgment in Relation to Negligence Claims

Despite the availability of summary judgment for negligence claims, it is very hard to show that there are no questions of material fact in negligence cases. Summary judgments are difficult to attain in negligence actions because, in most cases, the issue of whether conduct is negligent is a factual determination, whereas the question to be determined on summary judgment is whether there are factual issues to be tried. *Ortiz v. Rosner*, 817 F.Supp. 348, 350–51 (S.D.N.Y. 1993), *citing, INA Aviation Corp. v. United States*, 468 F.Supp. 695, 699 (E.D.N.Y.1979), *aff'd*, 610 F.2d 806 (2d Cir.1979). "The very question of whether the defendant's conduct amounts to 'negligence' is inherently a question for the fact-trier in all but the most egregious instances." N.Y.Civ.Prac.L. & R. (McKinney's 1992) (Practice Commentaries C3212:8).

### C. Application to the Instant Case

■ It is clear that if a business establishment commences to remove snow and ice from its sidewalks, it must exercise reasonable care in doing so or be held liable for negligence if it creates a hazardous condition or increases an existing danger. *Glick v. City of New York*, 139 A.D.2d 402, 526 N.Y.S.2d 464, 465 (1st Dept.1988); *see also Greenberg v. F.W. Woolworth Co.*, 18 Misc.2d 141, 186 N.Y.S.2d 303, 306–07 (New York Co.1959) (noting that it is improper to impose liability for incomplete snow removal but that a finding of liability is proper if the abutting landowner caused the dangerous condition). It is not negligence to fail to remove all ice and snow. However, if the hazard is created or augmented through the process of removing the snow and ice, it is negligence. *Bricca v. New York Telephone Co.*, 37 A.D.2d 564, 322 N.Y.S.2d 585, 586 (2d Dept.1971), *citing, Herrick v. Grand Union Co.*, 1 A.D.2d 911, 149 N.Y.S.2d 682 (3d Dept.1956).

■ The critical issues in the instant case are whether the plaintiffs have raised a material issue of fact as to the reasonableness of care the defendant employed in removing ice and snow from the sidewalk and whether the

defendant created or escalated a hazardous condition in doing so which would preclude summary judgment in favor of the defendant on the issue of liability. The plaintiffs' basic argument is that the footpath created by a Postal Service employee was not only improperly cleared in violation of the defendant's duty to reasonably remove ice and snow from the sidewalk, but that the defendant actually created or increased a hazardous condition by making the path in the first place. The defendant asserts to the contrary that it fulfilled its duty to remove ice and snow within reason, without creating or augmenting a hazard, and thus no negligence ensued.

In this case there appears to be a material question of fact as to whether the pathway was cleared with reasonable care. Beverly Neal, Ms. Cartin's sister who was present at the time of the fall, claimed in her deposition that the footpath was covered with approximately 12 inches of snow when the accident occurred. In contrast, Bruce Dowdle, the Postal Service employee whose job it was to clean the sidewalks, stated in deposition testimony that although the pathway was not perfectly free of ice, he had scraped away all the ice possible. In a third version of the sidewalk conditions, Ms. Cartin attested in an affidavit accompanying this motion that she did not notice anything out of the ordinary before she fell, and stated at deposition that the pathway which had been cut through the snow bank appeared to be "normal" and present "nothing out of the ordinary." However, in a prior letter to the Village of Potsdam regarding this accident, dated March 7, 1991, only two days after the fall, Ms. Cartin recounted a fourth version, stating that no pathways were cleared at the time of the accident. The account that no pathways had been cleared was recorded by Catherine Smith of the U.S. Postal Service after receiving a call from Ms. Cartin informing her of the fall. The court does not judge the veracity of any of the aforementioned accounts, but notes that in the current affidavits and statements of facts supporting the motion for summary judgment, both parties agree that a pathway had been cleared.

Defendant asserts that although the clearing of the pathway may not have been perfect, the plaintiff has shown no evidence that the defendant created a more hazardous condition or increased an existing danger by clearing the path, and so, summary judgment is warranted. However, the assumption that the defendant cleared the path raises an inherent material question as to whether reasonable care was taken in doing so. There also remains a question of fact as to whether the defendant created a more hazardous condition or increased a hazard in digging the pathway. *See Glick,* 526 N.Y.S.2d at 465–66 (holding that where it could be reasonably inferred that ice on which plaintiff fell was the residue of a business' snow removal efforts, whether the snow removal created a more hazardous condition than would have existed if the snow remained untouched was a factual issue for the jury). Keeping in mind that the facts must be construed in the light most favorable to the non-moving party, and the difficulty in granting summary judgment in negligence cases, it is still clear that the defendant's employee dug the pathway and thus may have created or increased a hazardous situation.

Therefore, the court finds that summary judgment in favor of the defendant is inappropriate, and thus denies the defendant's summary judgment motion pursuant to Fed. R.Civ.P. 56.

**IT IS SO ORDERED.**