Catherine DeSANTIS, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE; the Village of Fort Edward and the United States of America, Defendants,**

No. 01–CV–0981.

United States District Court,
N.D. New York.

Dec. 18, 2002.

Conway & Kirby, LLP, Niskayuna, NY (Dennis Reagan Hurley, Jr, Esq., Of Counsel), for Plaintiff.

Friedman, Hirschen, Miller & Campito, P.C., Schenectady, NY (Paul J. Campito, Esq., Of Counsel), for Defendant, Village of Fort Edward.

Glenn T. Suddaby, Northern District of New York, Albany, NY (James C. Woods, Asst. U.S. Atty., of Counsel), for Defendants, United States Postal Service and United States Attorney.

## MEMORANDUM DECISION AND ORDER

MUNSON, Senior District Judge.

### BACKGROUND

The United States Post Office ("the Post Office") was located at 126 Broadway (State Route 4) in the business district of the Village of Fort Edward, New York ("the Village"). Approximately 10 inches of snow had fallen on April 9, 2000, and, although not legally obliged to do so[1], after a heavy snowfall, the Village customarily had its employees plow a 4 foot wide path through the snow down the center of sidewalk that fronted the Post Office and the other businesses located on either side of the Broadway business district. The plowing was completed at approximately 12:58 PM on April 9, 2000. Over seventeen hours later, at approximately 6:40 AM on Monday, April 10, 2000, plaintiff arrived at the Post Office via her automobile to mail a letter. She parked across the street from the building, traversed the street, walked through the snow at the edge of the road, stepped onto the sidewalk, slipped, fell and was injured. A Post Office worker usually cleared snow and ice from the front sidewalk before opening time, but on this date he had started to clear the employee parking lot and entry stairway at the rear of the Post Office first, and had not reached the front sidewalk prior to plaintiff's arrival.

As a result of the injury, plaintiff brought this negligence action under the Federal Tort Claims Act, 28 U.S.C.

---

1. § 74–10 A. of the Fort Edward Code provides in pertinent part: "The owner of every lot of land situated in the village shall keep the sidewalks adjoining said property clear of ice and snow."

§ 1346(b)— §§ 2671–2680, against defendants United States Postal Service and the United States of America. The Village was also named a defendant in the lawsuit under the supplemental jurisdiction set forth in 28 U.S.C. § 1367(a). The Village moves for summary judgment pursuant to Rule 56 of the Fed. R. of Civ. P. in its favor claiming the record does not show that it breached a duty of care under New York law, plaintiff was contributorily negligent and did not give the Village written notice of the defect required by Fort Edward Village Law § 74–14, New York Village Law 6–628 and New York CPLR § 9804. Plaintiff and Defendants United States Postal Service and the United States of America have entered opposition to this motion.

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure permits summary judgment where the evidence demonstrates that "there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). More than a "disfavored shortcut," summary judgment is an important procedure regarded as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(quoting Federal Rule of Civil Procedure 1). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities and draw inferences against the moving party. *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)(*per curiam*). "[T]he non-movant cannot escape summary judgment by merely vaguely asserting the existence of some unspecified disputed facts, or defeat the motion through mere speculation or conjecture." *Western World Insurance Company v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990). An issue of credibility is insufficient to preclude the granting of summary judgment. Neither side can rely on conclusory allegations or statements in affidavits. The disputed issue of fact must be supported by evidence that would allow a "rational trier of fact to find for the non-moving party." *Matsushita Electric Industries Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Unsupported allegations will not suffice to create a triable issue of fact. *Goenaga v. March of Dimes Birth Defects Foundation,* 51 F.3d 14, 18 (2d Cir.1995). "Supposition does not create a genuine issue of material fact, instead it creates a false issue, the demolition of which is the primary goal of summary judgment." *Hedberg v. Indiana Bell Telephone Company, Inc.,* 47 F.3d 928, 929 (7th Cir.1995). Nor will factual disputes that are irrelevant to the disposition of the suit under governing law preclude any entry of summary judgment. *Anderson,* 477 U.S. at 247, 106 S.Ct. at 2509.

When a municipality, though under no obligation or duty to do so, plows a path through fallen snow that has accumulated on its sidewalks, it must use reasonable care in so doing or be held liable in negligence if the removal creates a hazard or dangerous condition or increases an existing danger. *Glick v. City of New York,* 139 A.D.2d 402, 526 N.Y.S.2d 464, 465 (1st Dept.1988). Removing snow and ice does not subject the Village to liability simply because the removal is incomplete or because it exposes a dangerous condition that it did not create. *Bonfrisco v. Marlib Corp.,* 24 N.Y.2d 817, 300 N.Y.S.2d 593, 248 N.E.2d 448 (1959)(*per curiam*).

Therefore, liability cannot be based on the mere fact that ice was present some hours after the snow was removed, because the ice may have resulted from a variety of causes. *Connolly v. Bursch,* 149 A.D. 772, 134 N.Y.S. 141 (2d Dept.1912); *Kelly v. Rose,* 265 A.D. 948, 265 A.D. 1068, 38 N.Y.S.2d 527 (2d Dep't 1942), aff'd. 291 N.Y. 611, 50 N.E.2d 1013 (1943). If this was not true, pedestrians would be compelled to slog through heavy snow because property owners would be loath to clear any path at all lest they expose themselves to serious liability stemming from their snow removal efforts. It is not negligence to fail to remove all ice and snow. *Bricca v. New York Telephone Co.,* 37 A.D.2d 564, 322 N.Y.S.2d 585 (2d Dep't 1971). Only where the unsafe condition was created by the snow remover's "own wrongful act" such as where the removal was performed so as to create a dangerous condition thereby increasing the natural hazard, is the removal entity held liable. *Roark v. Hunting,* 24 N.Y.2d 470, 301 N.Y.S.2d 59, 248 N.E.2d 896 (1969).

█ Dan Gosline, an employee of the Village, plowed the sidewalk in front of the Post Office on the day in question. In his affidavit concerning the plowing which is included in defendant Village's motion papers, he states at 7. "The 4–foot swath that I cleared on the sidewalk in front to the United States Post Office on Broadway in the Village was clear of snow and ice when I finished [plowing]." (Ex. K p. 1 ¶ 7). Defendant Village's Statement of Material Facts at 16, states "The 4–foot swath that Mr. Gosline cleared on the sidewalk in front of the United States Post Office on Broadway in the Village of Fort Edward was clear of snow and ice when he finished." Neither plaintiff nor the government defendants controverted this statement concerning the condition of the sidewalk after it had been plowed by the Village. When a party has moved for summary judgment on the basis of asserted facts supported as required by Fed. R.Civ.P. 56(e) and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exists no genuine issue of fact to be tried, those facts will be deemed admitted unless properly controverted by the non-moving party. *Dusanenko v. Maloney,* 726 F.2d 82, 84 (2d Cir.1984).

The court, thus, adopts defendant Village's material facts as admitted by plaintiff that the plowed sidewalk was free of ice and snow after the Village plowed it. The court now considers the moving party's second burden, establishing that, in light of the undisputed facts, it is entitled to summary judgment. Upon review of the defendant Village's motion, supporting evidence, and the applicable law, the court concludes that no genuine issue of fact exists and that, pursuant to Fed.R.Civ.P. 56(c), the Village is entitled to summary judgment as a matter of law.

Accordingly, defendant Village of Fort Edward's summary judgement motion is **GRANTED**, and the complaint is dismissed as against this defendant.

**IT IS SO ORDERED.**