**Catherine DeSANTIS, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE; The Village of Fort Edward and The United States of America, Defendants,**

**No. 01–CV–0981.**

United States District Court, N.D. New York.

Oct. 24, 2003.

judgment or discretion as an official function of the authority expressly or impliedly granted by law.

Conway & Kirby, LLP, Niskayuna, NY (Dennis Reagan Hurley, Jr, of counsel), for plaintiff.

Friedman, Hirschen, Miller & Campito, P.C., Schenectady, NY (Paul J. Campito, of counsel), for Defendant Village of Fort Edward.

Hon. Glenn T. Suddaby, Northern District of New York, Albany, NY (James C. Woods, Ausa, of counsel), for Defendants, United States Postal Service and United States Attorney.

## MEMORANDUM DECISION AND ORDER

MUNSON, Senior District Judge.

The Village moves for summary judgment pursuant to Rule 56 of the Fed. R. of Civ. P. in its favor claiming the record does not show that it breached a duty of care under New York law, plaintiff was contributorily negligent and did not give the Village written notice of the defect required by Fort Edward Village Law § 74–14, New York Village Law 6–628 and New York CPLR § 9804. Plaintiff and Defendants United States Postal Service and the United States of America have entered opposition to this motion.

## DISCUSSION

 When a municipality, though under no obligation or duty to do so, plows a path through fallen snow that has accumulated on its sidewalks, it must use reasonable care in so doing or be held liable in negligence if the removal creates a hazard or dangerous condition or increases an ex-

isting danger. *Glick v. City of New York,* 139 A.D.2d 402, 526 N.Y.S.2d 464, 465 (1st Dept.1988). Removing snow and ice does not subject the Village to liability simply because the removal is incomplete or because it exposes a dangerous condition that it did not create. *Bonfrisco v. Marlib Corp.,* 24 N.Y.2d 817, 300 N.Y.S.2d 593, 248 N.E.2d 448 (1969)(*per curiam*). Therefore, liability cannot be based on the mere fact that ice was present some hours after the snow was removed, because the ice may have resulted from a variety of causes. *Connolly v. Bursch,* 149 A.D. 772, 134 N.Y.S. 141 (2d Dept.1912); *Kelly v. Rose,* 265 A.D. 948, 1068, 38 N.Y.S.2d 527 (2d Dept), aff'd. 291 N.Y. 611, 50 N.E.2d 1013 (1943). If this was not true, pedestrians would be compelled to slog through heavy snow because property owners would be loath to clear any path at all lest they expose themselves to serious liability stemming from their snow removal efforts. It is not negligence to fail to remove all ice and snow. *Bricca v. New York Telephone Co.,* 37 A.D.2d 564, 322 N.Y.S.2d 585 (3rd Dept.1971). Only where the unsafe condition was created by the snow remover's "own wrongful act" such as where the removal was performed so as to create a dangerous condition thereby increasing the natural hazard, is the removal entity held liable. *Roark v. Hunting,* 24 N.Y.2d 470, 301 N.Y.S.2d 59, 248 N.E.2d 896 (1969).

■ Dan Gosline, an employee of the Village, plowed the sidewalk in front of the Post Office on the day in question. In his affidavit concerning the plowing which is included in defendant Village's motion papers, he states at 7. "The 4–foot swath that I cleared on the sidewalk in front to the United States Post Office on Broadway in the Village was clear of snow and ice when I finished [plowing]." (Ex. K p. 1 ¶7). Defendant Village's Statement of Material Facts at 16, states "The 4–foot

swath that Mr. Gosline cleared on the sidewalk in front of the United States Post Office on Broadway in the Village of Fort Edward was clear of snow and ice when he finished." Neither plaintiff nor the government defendants controverted this statement concerning the condition of the sidewalk after it had been plowed by the Village. When a party has moved for summary judgment on the basis of asserted facts supported as required by Fed. R.Civ.P. 56(e) and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exists no genuine issue of fact to be tried, those facts will be deemed admitted unless properly controverted by the non-moving party. *Glazer v. Formica,* 964 F.2d 149, 154 (2d Cir.1992).

■ The court, thus, adopts defendant Village's material facts as admitted by plaintiff that the plowed sidewalk was free of ice and snow after the Village plowed it. The court now considers the moving party's second burden, establishing that, in light of the undisputed facts, it is entitled to summary judgment. Upon review of the defendant Village's motion, supporting evidence, and the applicable law, the court concludes that no genuine issue of fact exists and that, pursuant to Fed.R.Civ.P. 56(c), the Village is entitled to summary judgment as a matter of law.

Accordingly, defendant Village of Fort Edward's summary judgement motion is **GRANTED**, and the complaint is dismissed as against this defendant.

**IT IS SO ORDERED.**