■ JACK MORANTZ et al., Copartners Doing Business as JACK'S WHOLESALE MEAT MARKET, Appellants, v. ELFEN SEID OPERATING CORP., Respondent. — Appeal by plaintiffs from an order of the County Court of Sullivan County, filed August 10, 1955, reversing a default judgment rendered in Justice's Court on August 20, 1954, in favor of the plaintiffs against the defendant, and ordering a new trial. The record discloses that upon the return of the summons before the Justice of the Peace on August 17, 1954, issue was joined in the action and the action was set down for trial by jury on August 20, 1954. It also appears without dispute that on the trial date defendant's attorney appeared thirty-five minutes after the appointed time and was then informed that judgment by default had been entered, and an application to reopen was denied. On appeal the County Court held that prior to the amendment of sections 125 and 268 of the Justice Court Act, effective September 1, 1955, it was the settled law and practice that a justice of the peace must wait one hour on the adjourned date before proceeding to trial unless the parties sooner appear, and ordered a new trial. Order unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.

■ ANNA HERRICK, Appellant, v. GRAND UNION COMPANY, Respondent, et al., Defendants. EDWARD HERRICK, Appellant, v. GRAND UNION COMPANY, Respondent, et al., Defendants. — Appeals from judgments of nonsuit entered upon order of a Trial Term, Supreme Court, Rensselaer County. Upon plaintiffs' appeals from judgments of nonsuit we are required to examine the evidence most favorable to them. Plaintiff Anna Herrick slipped and fell on the sidewalk in front of the Grand Union store in Mechanicville. It had been snowing heavily during the night. The snow had been packed hard by pedestrians in some areas along the walk. In the place where Anna Herrick fell it could be found there was a mass of hard packed snow containing "ice" and "crevices" and described by one witness as a "ridge". Employees of the store undertook to clear the sidewalk. The testimony is that a shovel was used which would remove the loose snow, but not the packed and icy masses on the sidewalk. As to these the employee who did the work testified that "I just scraped the shovel over" to get the high parts out "and couldn't". He also testified that in removing the loose snow from the sidewalk "some" of the snow being removed fell in the crevices in the ice. The witness also said: "The shovel helped put the snow on top * * * It builded these piles up * * * it builds these piles up as it hits the ice". Further he said "a little loose snow on the top of it and that's about it". Elsewhere his testimony seemed to indicate that the "loose snow on top" was the snow "that had just fallen"; and at the end .of his testimony he said that he pushed the loose snow out in the street and did not "pile any" on the sidewalk. The rule is that a failure to get all the snow and ice off the walk is not negligence. (Spicehandler v. City of New York, 303 N. Y. 946; Hendley v. Daw Drug Co., 293 N. Y. 790; Kelly v. Rose, 291 N. Y. 611; Connolly v. Bursch, 149 App. Div. 772.) To recover it must be shown that the hazard was increased by what was done in the process of removing snow and ice. The claim of increased hazard in the case before us is not supported by substantial evidence on the record viewed as a whole. It is not shown that the shovelling or scraping of the loose snow actually made the existing mass of ice and snow any more slippery or hazardous than it had been. Nor is it established by any definite factual observation what the result was of the loose snow dropping off as it was shovelled or that this actually affected or increased the existing hazard. Judgment unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.