■ ELEANOR NEVINS et al., Respondents, v GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered October 23, 1989, which, after jury trial, granted defendant's motion to set aside the verdict only to the extent of ordering a new trial unless plaintiffs stipulated to the entry of judgment in favor of Eleanor Nevins in the amount of $510,000 and to Robert Nevins, in the amount of $127,500, unanimously reversed, on the law, the facts and in the exercise of discretion, to grant defendant's motion to set aside the verdict and a new trial ordered, without costs.

On December 24, 1983, plaintiff Eleanor Nevins decided to do some last-minute Christmas shopping at defendant's store located on Broadway between 204th and 207th Streets, and slipped on a patch of ice which had accumulated in front of

the store, seriously injuring her elbow. It had been snowing for three days prior to the accident. Two employees of the store testified as to their customary method of removing snow and ice from the sidewalk in front of the store which involved the clearing of snow which had accumulated before the store opened at 8:00 A.M. Although they had no independent recollection of the method they used to remove the snow and ice on the day in question, they stated that they rarely used ice scrapers and that in the event such scrapers were used, the ice would only be scraped away rather than chopped. Plaintiff's son testified that when he went to the store at 11:00 A.M. on December 24th, he saw ice on the sidewalk and snow which had been pushed to the curb. When he returned to the store with his mother at 3:00 P.M., clumps or patches of dirty ice had formed in front of the entrance.

Despite defendant's objections, plaintiff was permitted to call a professional engineer as an expert witness to testify as to the custom and practice of removing snow in New York City. This expert testified that after snow stops falling, it should be completely removed within one hour and that no accumulation should be permitted to exist on the public walk area. He concluded that the sidewalk in front of defendant's store "was an unsafe condition and wasn't properly maintained, and the area was not properly cleaned after the snowfall on [December] twenty-second." The expert conceded that he had never visited the site where the accident occurred nor was he aware of the snow-clearing procedures undertaken by defendant's employees on December 24, 1983.

While we agree with plaintiff that the evidence was sufficient to submit this case to the jury (Glick v City of New York, 139 AD2d 402), the trial court's error in permitting the engineer to testify as an expert as to the proper standards for removal of snow and ice from a sidewalk, in addition to its subsequent failure to instruct the jury in its charge that they were not bound by the expert's testimony insofar as it conflicted with New York law, requires a new trial of this matter.

The removal of snow and ice is not a subject "calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror (People v Allweiss, 48 NY2d 40, 50; Selkowitz v County of Nassau, 45 NY2d 97 * * *; Dougherty v Milliken, 163 NY 527)" (De Long v County of Erie, 60 NY2d 296, 307). Absent an inability or incompetence of jurors to comprehend the issues and evaluate the evidence, the opinions of experts "which intrude on the province of the jury to draw inferences and conclusions, are both unnecessary

and improper *(Meiselman v Crown Hgts. Hosp.,* 285 NY 389, 396; *People v Creasy,* 236 NY 205, 222-223)" *(Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140, 148). By permitting the expert to testify that the sidewalk was not properly maintained and created an unsafe condition, the court permitted the expert to determine the ultimate issue in the case, thereby usurping the function of the jury.

Moreover, the expert's testimony as to the duty of private landowners to remove all snow within one hour after it stops falling is in conflict with the well-established principle that an abutting owner or tenant is not liable to an injured pedestrian for failure to remove completely natural accumulations of snow and ice from a sidewalk *(Roark v Hunting,* 24 NY2d 470, 475; *Bricca v New York Tel. Co.,* 37 AD2d 564; *Herrick v Grand Union Co.,* 1 AD2d 911). The trial court compounded the error by denying defendant's request to charge the jury to disregard the expert's testimony concerning industry standards for snow and ice removal insofar as such testimony conflicted with the proper standard of care to be exercised by an abutting tenant. Although the court correctly charged the jury on the applicable legal principles in accordance with PJI 2:111A, it did not correct the erroneous impression left by the expert that defendant could be held liable in the circumstances here presented for incomplete snow and ice removal *(see, Bricca v New York Tel. Co., supra).* Concur—Kupferman, J. P., Sullivan, Rosenberger, Kassal and Smith, JJ.