■ DANIEL J. REIDY et al., Appellants, v EZE EQUIPMENT COMPANY, INC., et al., Respondents. [652 NYS2d 534] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated September 14, 1995, which denied their motion to vacate a judgment entered against them dismissing the complaint upon their failure to oppose the defendants' motion for summary judgment. Justice Luciano has been substituted for the late Justice Hart (see, 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiffs' motion to vacate the judgment entered upon the plaintiffs' default in the absence of a sufficient showing of reasonable excuse for the default (*see,* CPLR 5015 [a] [1]).

Moreover, "[i]t is well settled that an owner of property is under no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of his premises (*Roark v Hunting,* 24 NY2d 470, 475; *Cannon v Pfleider,* 19 AD2d 625, 626). A failure to remove all of the snow is not negligence (*Spicehandler v City of New York,* 303 NY 946; *Herrick v Grand Union Co.,* 1 AD2d 911; *Glassman v City of New York,* 284 App Div 1045, *affd* 1 NY2d 712), and liability will not result unless it is shown that the defendant made the sidewalk more hazardous (*Herrick v Grand Union Co., supra; Schlausky v City of New York,* 41 AD2d 156, 158; *Fiato v State of New York,* 26 Misc 2d 479)" (*Stewart v Yeshiva Nachlas Haleviym,* 186 AD2d 731, 731-732; *see also, Oley v Village of Massapequa Park,* 198 AD2d 272).

Here, the plaintiffs have failed to produce any evidence that the defendants' removal of snow was negligent and created a hazardous condition. Miller, J. P., Altman, Krausman and Luciano, JJ., concur.