■ CHIARINA VERDINO, Appellant, v STEVEN ALEXANDROU et al., Respondents, et al., Defendants. [677 NYS2d 368] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pollizi, J.), dated September 26, 1997, which granted (1) the motion of the defendants Steven Alexandrou and Steven Alexandrou, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) the separate motion of the same defendants which was to compel her to provide security for costs pursuant to CPLR 8501 (a).

Ordered that the order is affirmed, with costs.

The plaintiff alleges that on February 9, 1994, at approximately 3:00 P.M., she was injured when she slipped and

fell on an accumulation of snow and ice on the sidewalk in front of a building owned by the defendant Steven Alexandrou (hereinafter the owner). The lease between the owner and the codefendant, La Bruzzi's Deli, the street-level store located within the building, provided that it was the store's obligation to clean the sidewalk and to remove snow and ice during the winter months. In addition, the owner of the store testified that he cleaned the entire sidewalk on the morning of the day of the accident.

An owner of property is under no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of his or her premises (*Roark v Hunting,* 24 NY2d 470, 475; *Reidy v EZE Equip. Co.,* 234 AD2d 593; *Cannon v Pfleider,* 19 AD2d 625). There is no evidence demonstrating that the owner here made the sidewalk more hazardous by attempting to remove the snow and ice (*see, Oley v Village of Massapequa Park,* 198 AD2d 272). Under these circumstances, the court properly granted the motion for summary judgment.

Since the plaintiff is not a resident of this State, the court also properly required her to post security for costs in compliance with CPLR 8501 (a) (*see, Gonzalez v Flushing Hosp. Med. Ctr.,* 245 AD2d 543; *Scharaga v Schwartzberg,* 149 AD2d 578).

The plaintiff's remaining contentions are without merit. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.