■ MARIA VELEZ, Respondent, v CITY OF NEW YORK et al., Respondents, and ALFRED NIETUBYC, Appellant. [683 NYS2d 583] —In an action to recover damages for personal injuries, the defendant Alfred Nietubyc appeals from so much of an order of the Supreme Court, Kings County (Goldberg, J.), dated January 30, 1998, as denied his cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion for summary judgment is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff, Maria Velez, slipped and fell on a patch of ice on a public sidewalk in front of a building owned by the appellant, Alfred Nietubyc. The plaintiff claims, *inter alia,* that this hazardous condition was created by negligent or improper

shoveling of the sidewalk by "somebody". In his deposition testimony and in affidavits submitted in support of his motion for summary judgment, Nietubyc averred that he did not shovel the sidewalk, nor did he hire anyone to undertake snow and ice removal operations on or prior to the date of the plaintiff's alleged accident. Rather, he asserted that snow removal was the responsibility of his ground floor store tenant, as provided in their lease. With that evidence, Nietubyc established a prima facie entitlement to summary judgment as a matter of law. Having failed to submit any probative evidence that Nietubyc made the condition on the sidewalk more hazardous by improper shoveling, the respondents failed to raise a triable issue of fact, and therefore Nietubyc is entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against him as a matter of law (*see, Stewart v Yeshiva Nachlas Haleviym,* 186 AD2d 731, 732; *Oley v Village of Massapequa Park,* 198 AD2d 272). Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.