■ FRANK RECTOR, Appellant, v CITY OF NEW YORK et al., Respondents. [686 NYS2d 426] —Order (denominated judgment) of the Supreme Court, New York County (Jane Solomon, J.), entered on or about January 8, 1997, which, upon defendants' motions for renewal and reargument, granted summary judgment in their favor, modified, on the law, to the extent of denying defendant The Gap's motion for summary judgment and reinstating the complaint as against said defendant and, except as so modified, affirmed, without costs.

The record in this matter presents an issue of fact as to the nature of the hazard presented by the ice upon which plaintiff allegedly fell, a condition that was concededly created by defendant Gap's snow-removal efforts. The meteorological data contained in the record consists of readings taken at Kennedy Airport. These readings indicate that 9 inches of snow fell on Saturday, March 13, 1993, followed by a total of 0.3 inches on Sunday, March 14. Hourly readings reflect that temperatures

rose above freezing during the evening hours to a maximum of 43 degrees at 10:00 P.M., falling back to 24 degrees by 4:00 A.M. the next morning. Only a trace of snow (.01 inches or less) is reported between 10:00 P.M. and 8:00 A.M. Sunday morning, when the snow fall ceased entirely.

The Gap takes the position that plaintiff has failed to assert grounds for recovery because he "slipped on ice that was in its natural state as opposed to mounds or broken patches of ice which were created by the removal efforts undertaken by The Gap." In support of this theory, defendant cites *Bricca v New York Tel. Co.* (37 AD2d 564), which quotes *Herrick v Grand Union Co.* (1 AD2d 911). That case states: "The rule is that a failure to get all the snow and ice off the walk is not negligence. (*Spicehandler* v. *City of New York*, 303 N. Y. 946; *Hendley* v. *Daw Drug Co.*, 293 N. Y. 790; *Kelly* v. *Rose*, 291 N. Y. 611; *Connolly* v. *Bursch*, 149 App. Div. 772.) To recover it must be shown that the hazard was increased by what was done in the process of removing snow and ice." The Gap contends that "it did not affirmatively create a hazardous condition." Defendant concludes: "that there was a dusting of snow over a sheet of ice does not constitute evidence that The Gap's actions created a more dangerous condition."

Defendant's contention that the ice "was in its natural state" is disingenuous. It is apparent that, in its natural state, the fallen precipitation comprised a thin layer of ice covering the pavement above which lay between 9 inches and 14 inches of snow. It is uncontested that employees of defendant clothing store then cleared the sidewalk in the area where plaintiff fell, exposing the layer of ice underneath. Defendant recites in its affidavit in support of its motion, "Plaintiff testified that there was a light dusting of snow just covering the sidewalk and that underneath it was a hard sheet of ice which he slipped on."

This is not, as defendant attempts to portray it, a case of a simple failure "to remove completely natural accumulations of snow and ice from a sidewalk (*Roark v Hunting*, 24 NY2d 470, 475; *Bricca v New York Tel. Co.*, 37 AD2d 564; *Herrick v Grand Union Co.*, 1 AD2d 911)" (*Nevins v Great Atl. & Pac. Tea Co.*, 164 AD2d 807, 809). The material question, according to the authority relied upon by defendant, is whether or not the condition encountered by plaintiff—just enough snow to obscure the thin layer of ice beneath—represented a greater hazard than that originally posed by the natural condition of the sidewalk. Pertinent to this determination would be the comparable traction provided by each surface and the relative injury likely to be sustained from a fall onto ice as opposed to approximately one foot of snow.

On this record, a jury could readily conclude that defendant's snow removal efforts increased the hazard to pedestrians, producing a surface that is considerably more slick, difficult to discern and inherently dangerous than the natural state of the fallen snow (*Glick v City of New York*, 139 AD2d 402, 403). As this Court recognized in *Glick* and, later, in *Nevins*, whether defendant's "activity had created a more hazardous condition than would have obtained had the snow been left untouched" is a question properly submitted to the trier of fact for resolution (*Glick v City of New York, supra*, at 403; *see also, Nevins v Great Atl. & Pac. Tea Co., supra*, at 808). Concur—Nardelli, Lerner and Rubin, JJ.

Sullivan, J. P., and Rosenberger, J., dissent in a memorandum by Rosenberger, J., as follows: I would affirm the grant of summary judgment as to both defendants. Plaintiff failed to raise a triable issue as to whether Gap's snow removal efforts made the icy sidewalk more hazardous.

Plaintiff allegedly was injured when he slipped and fell on a sheet of ice on the sidewalk in front of 535 Columbus Avenue, premises owned by defendant Gap. According to plaintiff, the accident took place at about 10:30 A.M. on March 14, 1993. The site of the accident had only a light dusting of snow and looked as if it had been shoveled or cleared. The sheet of ice on which he fell appeared to run the length of the storefront and to extend from the storefront to the curb. He claimed that he did not see the ice until after he fell. The assistant store manager for that Gap store testified that their employees reported to work at 10:00 A.M. and that she saw two Gap employees (whom she named) shoveling snow at about 11:00 A.M.

In opposition to defendants' motions for summary judgment, plaintiff argued that since a pathway to the snow had been created on the sidewalk, there was a triable issue as to whether defendants were negligent in removing snow and ice from the affected area, thereby increasing the hazardous condition. He contended that Gap employees acted without due care in leaving a sheet of ice on the sidewalk after shoveling away the snow. Gap's reply papers disputed this claim and argued that it could not be held liable since it had not altered the ice from its natural condition.

The IAS Court initially denied defendants' motions, then granted it upon renewal/reargument. In my opinion, the IAS Court was correct in concluding that although plaintiff raised an issue of fact as to whether Gap shoveled the sidewalk, he did not make out a prima facie case that this was done negligently. Mere failure to remove all of the snow and ice

from a sidewalk is not negligence. A plaintiff must show that the manner of removing the snow and ice actually made the condition of the sidewalk more hazardous (*Herrick v Grand Union Co.*, 1 AD2d 911).

The majority finds a triable issue based on plaintiff's theory that Gap increased the hazard by sweeping away the snow and uncovering a slippery sheet of ice. That theory has been rejected as a legally insufficient basis to find an abutting property owner liable for negligent snow removal (*Spicehandler v City of New York*, 303 NY 946; *see also, Connolly v Bursch*, 149 App Div 772, 774-775). *Glick v City of New York* (139 AD2d 402, 403) is factually distinguishable because the property owner did more than merely expose pre-existing ice; plaintiff alleged that defendant shoveled snow and ice into piles that obstructed the pedestrian walkway. Accordingly, the complaint was properly dismissed as to both defendants.