■ MARIANNA MALDONADO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [690 NYS2d 608] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 22, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

On January 4, 1994, at approximately 7:30 P.M., the plaintiff was injured when she allegedly slipped and fell on a "chunk of ice" near the edge of an elevated train platform as she was exiting the train. Even though climatological reports show that precipitation of about one inch in the form of ice pellets and glaze ended at 3:00 P.M. on that day, the plaintiff claimed that she slipped on ice that had accumulated from a snowstorm which had occurred six days before her accident.

A witness to the accident averred that he rode the same train every day and had observed that chunk of ice near the edge of the platform for about seven days prior to the accident. An employee of the defendant testified that it was the defendant's policy to shovel a path on the platform at least five feet from the edge of the platform and that on the day of the accident such a path had actually been shoveled across the whole length of the platform.

A property owner may not be held liable for snowy or icy conditions unless it has actual notice of the condition or it has had a reasonably sufficient time from the cessation of the precipitation to remedy the conditions caused by it (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972, 973; *Bernstein v City of New York,* 69 NY2d 1020; *Valentine v City of New York,* 57 NY2d 932; *Fuks v New York City Tr. Auth.,* 243 AD2d 678; *Wall v Village of Mineola,* 237 AD2d 511; *Grillo v New York City Tr. Auth.,* 214 AD2d 648). There exist triable issues of fact, *inter alia,* as to whether the ice upon which the plaintiff had fallen was the residue of the snow storm which occurred six days prior to the accident and whether the defendant had sufficient time to remedy the situation (*see, Pui Fong Tam v City of New York,* 257 AD2d 613; *Ferguson v City of New York,* 201 AD2d 422; *Krause v City of New York,* 152 AD2d 473). S.

Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.