■ SARA LAKHAN et al., Appellants, v DEODUTT SINGH et al., Respondents. [703 NYS2d 226] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated January 4, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

An owner is under no duty to pedestrians to remove snow and ice that naturally accumulates upon the sidewalk in front of his or her premises (*see, Delgado v City of New York,* 245 AD2d 540; *Stewart v Yeshiva Nachlas Haleviym,* 186 AD2d 731). A failure to remove all of the snow does not constitute negligence (*see, Spicehandler v City of New York,* 303 NY 946; *Delgado v City of New York, supra*), and liability will not result unless it is shown that the landowner made the sidewalk more hazardous (*see, Oley v Village of Massapequa Park,* 198 AD2d 272; *Reidy v EZE Equip. Co.,* 234 AD2d 593).

The plaintiffs failed to establish the existence of any triable issue of fact with respect to their claim that the defendants made the sidewalk more hazardous by removing the snow in

front of their premises (see, CPLR 3212 [b]). The copies of photographs submitted by the plaintiffs in opposition to the summary judgment motion were not accompanied by an affidavit of the plaintiff Sara Lakhan indicating that they fairly and accurately represented the condition of the sidewalk at the time of the incident, and thus, did not constitute proof in admissible form (see, Lewis v General Elec. Co., 145 AD2d 728, 729). Thompson, J. P., S. Miller, Krausman, Florio and Schmidt, JJ., concur.