■ IRVING GOLDSTEIN, Respondent, v ALTER MOSKOWITZ et al., Appellants. [706 NYS2d 913] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated June 18, 1999, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

An owner is under no duty to pedestrians to remove ice and snow that naturally accumulates upon a sidewalk in front of his premises (*see, Delgado v City of New York,* 245 AD2d 540; *Stewart v Haleviym,* 186 AD2d 731). A failure to remove all of the snow is not negligence (*see, Spicehandler v City of New York,* 303 NY 946; *Delgado v City of New York, supra*). However, liability will result if it is shown that a defendant made the sidewalk more hazardous (*see, Lakhan v Singh,* 269 AD2d 427; *Reidy v EZE Equip. Co.,* 234 AD2d 593; *Oley v Village of Massapequa Park,* 198 AD2d 272).

The defendants failed to establish prima facie that they were not negligent in the happening of the accident. The defendants admitted that someone shoveled the sidewalk in front of their premises and put salt on the sidewalk the day before the incident. This admission provides evidence from which a jury could conclude that the defendants, having undertaken to shovel the sidewalk, did so in a manner which left it more hazardous than it would have been had it not been shoveled at all.

Since the defendants failed to meet their burden, it is not necessary to consider whether the plaintiff's papers in opposition to the motion were sufficient to raise a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Fabbricatore v Lindenhurst Union Free School Dist.,* 259 AD2d 659). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.