■ LUCY ARZOLA, Respondent, v GEORGE DONECA et al., Appellants, and RHEA FINISHING, INC., Respondent. [708 NYS2d 419] —In an action to recover damages for personal injuries, the defendants George Doneca, Jilijana Doneca, and Daniela Doneca appeal from an order of the Supreme Court, Queens County (LaTorella, J.), dated May 9, 1999, which denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them and failed to decide that branch of their motion which was for leave to enter judgment on their cross claim against the defendant Rhea Finishing, Inc., upon its failure to answer the cross complaint.

Ordered that the appeal from so much of the order as failed to decide the branch of the appellants' motion which was for leave to enter judgment on their cross claim against the defendant Rhea Finishing, Inc., is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, with costs payable by the plaintiff-respondent, the branch of the motion which was for summary judgment is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff, Lucy Arzola, allegedly slipped and fell on an accumulation of snow and ice on a public sidewalk in front of a building owned by the appellants. The plaintiff claims that this hazardous condition was created by negligent or improper shoveling of the sidewalk either by the appellants or someone under their control. In deposition testimony and in affidavits submitted in support of that branch of their motion which was for summary judgment, the appellants stated that they did not shovel the sidewalk or hire anyone to undertake the removal of snow and ice on or before the date of the plaintiff's alleged fall.

An owner of property is under no duty to pedestrians to remove snow and ice that naturally accumulate upon the public sidewalk abutting his or her premises (*see, Roark v Hunting,* 24 NY2d 470, 475; *Verdino v Alexandrou,* 253 AD2d 553). Liability will only result if it is shown that negligent or improper shoveling made the sidewalk more hazardous (*see, Velez v City of New York,* 257 AD2d 570; *Stewart v Yeshiva Nachlas Haleviym,* 186 AD2d 731).

The appellants presented evidence which established their prima facie entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). In response, the plaintiff failed to submit any probative evidence that the appellants made the condition on the sidewalk more hazardous. Therefore, the plaintiff failed to raise a triable issue of fact, and the appellants are entitled to summary judgment dismissing the complaint insofar as asserted against them (*see, Velez v City of New York, supra; Verdino v Alexandrou, supra*).

Since that branch of the appellants' motion which was for leave to enter a judgment on their cross claim against the defendant Rhea Finishing, Inc., remains pending and undecided, the appeal from so much of the order as failed to decide that branch of the motion must be dismissed (*see, Katz v Katz,* 63 AD2d 581). Santucci, J. P., Friedmann, McGinity and Smith, JJ., concur.