■ VIOLETA RUGOVA, Appellant, v 2199 HOLLAND AVENUE APARTMENT CORP., Sued Herein as POWERS EQUITIES INC., Respondent. [708 NYS2d 390] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered on or about April 29, 1999, granting defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law and the facts, without costs, the motion denied and the complaint reinstated.

Plaintiff Violeta Rugova was allegedly injured when she slipped and fell on snow and ice on a public sidewalk in front of an apartment building known as 744 Pelham Parkway in the Bronx. Defendant 2199 Holland Avenue Apartment Corp. owned the building.

The accident occurred on January 12, 1996, between 6:00 and 7:00 P.M. On January 7-8, 1996, there had been a severe snowstorm that left 20 inches of snow on the ground. Temperatures had remained below freezing from that time until the day of the accident. Another snowfall occurred on January 12, beginning at about 10:00 A.M. and ending at about 11:00 P.M., leaving 2.4 inches of snow. Plaintiff did not recall whether it was snowing at the time of the accident, but some form of precipitation was occurring.

Plaintiff observed that a path two feet wide had been cleared on the sidewalk where she fell. There were patches of ice interspersed with patches of cleared cement sidewalk on the path in front of defendant's building. Snow was piled up alongside the curb. Plaintiff slipped and fell on a four-inch patch of dirty, discolored ice and fractured her metatarsal bone.

Brahim Salic, a porter employed by the management company for defendant's premises, was responsible for snow and ice removal on that sidewalk. On the day of the accident, he began salting and shoveling from 6:00 A.M. to 10:00 A.M., and again from 12:00 P.M. to 3:00 P.M., to clear the path on which plaintiff fell.

Defendant moved for summary judgment dismissing the complaint, arguing that a property owner has no liability for a slip and fall on snow and ice while the storm is still in progress. Moreover, defendant claimed that plaintiff could not prove that defendant's snow removal efforts made the condition of the sidewalk more dangerous than it would otherwise have been. In opposition, plaintiff contended that the circumstantial evidence indicated that she fell on pre-existing ice negligently formed or exposed by defendant's attempts at snow removal. For instance, the dirty, discolored appearance of the ice patch suggested that it was old ice that had been exposed. She argued that defendant made the sidewalk more dangerous by clearing away the snow and revealing patches of slippery ice that were not properly removed (see, Taylor v New York City Hous. Auth., 263 AD2d 407).

Summary judgment should not have been granted because issues of fact exist as to whether defendant made the sidewalk more dangerous (Rector v City of New York, 259 AD2d 319, 321). The motion court improperly focused on whether defen-

dant had a duty to clear the sidewalk while the storm was in progress. While it is undisputed that defendant had no obligation to clear the public sidewalk, once defendant gratuitously undertook to do so, it could be held liable for creating or exacerbating a dangerous condition (*Suntken v 226 W. 75th St.*, 258 AD2d 314, 315).

Here, a jury could reasonably infer that defendant's snow removal increased the hazard by exposing a slippery surface that was made even more slick by the ongoing precipitation (*see, Rector v City of New York, supra*, at 321). Furthermore, plaintiff's description of the area where she fell raises a question as to whether her accident was caused by old ice that was not properly cleared away from the previous storm (*Suntken v 226 W. 75th St., supra*, at 315; *Tubens v New York City Hous. Auth.*, 248 AD2d 291, 292). Concur—Sullivan, P. J., Rosenberger, Nardelli, Ellerin and Wallach, JJ.