(September 25, 2000)

■ GLENDA ALEXIS et al., Appellants, v MONICA J. LESSEY et al., Respondents. [714 NYS2d 233] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Alpert, J.), dated October 1, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A property owner is under no duty to pedestrians to remove ice and snow that naturally accumulate upon the sidewalk in front of his or her premises (see, Lakhan v Singh, 269 AD2d 427; Delgado v City of New York, 245 AD2d 540; Stewart v Yeshiva Nachlas Haleviym, 186 AD2d 731) unless a statute specifically imposes tort liability for failing to clear the sidewalk (see, Booth v City of New York, 272 AD2d 357; Norcott v Central Iron Metal Scraps, 214 AD2d 660). Here, in the absence of any such statute, a failure to remove all of the snow is not negligence (see, Spicehandler v City of New York, 303 NY 946), and liability will not result unless it is shown that the

property owner made the sidewalk more hazardous (*see, Lakhan v Singh, supra; Tosov v C & B Venture Corp.,* 261 AD2d 535; *Verdino v Alexandrou,* 253 AD2d 553; *Reidy v EZE Equip. Co.,* 234 AD2d 593; *Oley v Village of Massapequa Park,* 198 AD2d 272).

After the defendants made out a prima facie case for summary judgment, the plaintiffs failed to proffer any evidence sufficient to raise a triable issue of fact that the defendants' efforts to clear the sidewalk of snow and ice rendered the condition of the sidewalk more hazardous. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.