■ EMILIO PRADO et al., Respondents, v CITY OF NEW YORK, Defendant, and NICHOLAS HAROS, Appellant. [717 NYS2d 890] —In an action to recover damages for personal injuries, etc., the defendant Nicholas Haros appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated November 17, 1999, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

It is well settled that an owner of property is under no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of his or her premises (*see, Stewart v Yeshiva Nachlas Haleviym,* 186 AD2d 731). A failure to remove all of the snow is not negligence (*see, Spice-*

*handler v City of New York,* 303 NY 946), and liability will not result unless it is shown that the defendant made the sidewalk more hazardous (*see, Stewart v Yeshiva Nachlas Haleviym, supra*).

In this case, after the appellant made a prima facie showing of his entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact (*see,* CPLR 3212 [b]) as to whether the sidewalk on which the plaintiff Emilio Prado allegedly slipped and fell was made more hazardous as a result of the appellant's conduct. Therefore, the appellant's motion should have been granted. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.