■ MICHAEL PACKES, Respondent, v BALLY TOTAL FITNESS CORPORATION, Appellant. [716 NYS2d 910] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated March 10, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

"It is well settled that an owner of property is under no duty to pedestrians to remove snow and ice that naturally accumulates upon the sidewalk in front of his or her premises" (Prado v City of New York, 276 AD2d 765; Stewart v Yeshiva Nachlas Haleviym, 186 AD2d 731). A failure to remove all of the snow is not negligence, and liability will not result unless it is shown that the defendant made the sidewalk more dangerous (see, Alexis v Lessey, 275 AD2d 754; Lakhan v Singh, 269 AD2d 427; Tosov v C & B Ventures Corp., 261 AD2d 535).

After the defendant made a prima facie showing of its entitlement to judgment as a matter of law, the plaintiff offered no evidentiary proof sufficient to raise a triable issue of fact (see, CPLR 3212 [b]) that any attempts at snow removal on the part of the defendant rendered the sidewalk more dangerous. Thus, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint (see, Stewart v Yeshiva Nachlas Haleviym, supra). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.