■ MARY PALMER et al., Appellants, v CITY OF NEW YORK, Defendant, and RECTOR, CHURCHWARDENS AND VESTRYMEN OF TRINITY CHURCH, et al., Respondents. [731 NYS2d 483] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated July 12, 2000, as granted the motion of the defendants Rector, Churchwardens and Vestrymen of Trinity Church, Parish of Trinity Church, Holy Trinity Church, and Trinity Church Corp. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Mary Palmer (hereinafter the injured plaintiff) allegedly was injured on January 11, 1996, when she slipped and fell on snow and ice on the sidewalk in front of 75 Varick Street in Manhattan. There was a snowstorm from January 7 to January 8, 1996, which resulted in an accumulation of over 24 inches of snow on the ground. The plaintiffs commenced this action against the defendant City of New York and the adjacent property owners, the defendants Rector, Churchwardens and Vestrymen of Trinity Church, Parish of Trinity Church, Holy Trinity Church, and Trinity Church Corp. (hereinafter the respondents), to recover damages arising from the injuries sustained by the injured plaintiff.

The respondents moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the sidewalk was not made more hazardous as a result of their conduct. The Supreme Court granted the respondents' motion on the ground that the plaintiffs failed to raise a triable issue of fact as to whether the respondents' alleged snow removal efforts made the sidewalk more hazardous. We affirm.

A property owner is under no duty to pedestrians to remove snow and ice that naturally accumulates upon the sidewalk in front of the premises unless a statute specifically imposes tort liability for failing to clear the sidewalk (*see, Prado v City of New York,* 276 AD2d 765; *Alexis v Lessey,* 275 AD2d 754). Here, in the absence of any such statute, a failure to remove all of the snow and ice is not negligence (*see, Spicehandler v City of New York,* 303 NY 946), and liability will not attach unless it is shown that a property owner made the sidewalk more hazardous (*see, Prado v City of New York, supra; Alexis v Lessey, supra; Bautista v City of New York,* 267 AD2d 265; *Stewart v Yeshiva Nachlas Haleviym,* 186 AD2d 731).

After the respondents made a prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether the respondents' alleged snow removal efforts made the sidewalk more hazardous (*see, Prado v City of New York, supra; Alexis v Lessey, supra; Bautista v City of New York, supra; Stewart v Yeshiva Nachlas Haleviym, supra*). Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.