■ DOROTHY SHIVERS, Appellant, v PRICE BOTTOM STORES, INC., et al., Respondents. (And a Third-Party Action.) [734 NYS2d 235] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated November 20, 2000, which granted the separate motions of the defendants Price Bottom Stores, Inc., and the City of New York for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, by deleting the provision thereof granting the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as as-

serted against it, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the defendant Price Bottom Stores, Inc., payable by the plaintiff, and the complaint insofar as asserted against the City of New York is reinstated.

On the afternoon of February 9, 1995, the plaintiff was walking on 168th Street in Jamaica, Queens, when she slipped and fell on a patch of ice. According to the plaintiff, the ice patch was approximately two feet long, two feet wide, and one inch thick. The plaintiff subsequently commenced this action against the City of New York (hereinafter the City) and Price Bottom Stores, Inc. (hereinafter Price Bottom), which operated a store adjacent to the accident site. After discovery was conducted, both defendants separately moved for summary judgment, and the Supreme Court granted their respective motions.

Contrary to the plaintiff's contention, the Supreme Court properly awarded summary judgment to the defendant Price Bottom dismissing the complaint insofar as asserted against it. It is well settled that an owner or lessee of property abutting a public sidewalk is under no duty to pedestrians to remove snow and ice that naturally accumulate upon the sidewalk in front of the premises unless a statute specifically imposes tort liability for failing to do so (see, Palmer v City of New York, 287 AD2d 553; Alexis v Lessey, 275 AD2d 754; Booth v City of New York, 272 AD2d 357). Where, as here, there is no such statute, the failure to remove all of the snow from a storm will not result in liability unless it is shown that a property owner or lessee made the sidewalk more hazardous through negligent snow removal efforts (see, Palmer v City of New York, supra; Alexis v Lessey, supra; Booth v City of New York, supra; Blum v City of New York, 267 AD2d 341). In opposition to Price Bottom's prima facie showing of its entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether Price Bottom's alleged snow removal efforts made the sidewalk more hazardous (see, Palmer v City of New York, supra; Alexis v Lessey, supra; Ortiz v City of New York, 271 AD2d 419).

However, the Supreme Court should not have granted the motion of the defendant City for summary judgment. The evidence that the City submitted in support of summary judgment, which included climatological data, failed to establish, as a matter of law, that it did not have a reasonably sufficient period to remedy the snow and ice condition allegedly caused by a moderate snow storm which occurred five days before the plaintiff fell (see, Maldonado v New York City Tr. Auth., 261

AD2d 515; *Pui Fong Tam v City of New York,* 257 AD2d 613; *Ferguson v City of New York,* 201 AD2d 422; *Candelier v City of New York,* 129 AD2d 145). Altman, J. P., S. Miller, Crane and Prudenti, JJ., concur.