■ ROBERT KLEIN et al., Appellants, v CHASE MANHATTAN BANK et al., Respondents. [736 NYS2d 606] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated June 30, 2000, as granted the separate motions of the defendants for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

An owner or a lessee is under no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of its premises (*see, Booth v City of New York,* 272 AD2d 357; *Lakhan v Singh,* 269 AD2d 427). The failure to remove all of the snow is not negligence (*see, Spicehandler v City of New York,* 303 NY 946; *Kennedy v C & C New Main St. Corp.,* 269 AD2d 499), and liability will not result unless it is shown that the owner or lessee made the sidewalk more hazardous by its attempts at removal (*see, Lakhan v Singh, supra; Velez v City of New York,* 257 AD2d 570).

The defendants presented evidence which established their prima facie entitlement to summary judgment (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). In opposition, the plaintiffs failed to offer any probative evidence that the defendants attempted to clear the sidewalk of snow and ice or that their snow removal efforts made the condition of the sidewalk more hazardous (*see, Lakhan v Singh, supra; Velez v City of New York, supra*). Santucci, J.P., Florio, O'Brien and Schmidt, JJ., concur.