■ JACQUELINE CASE, Respondent, v CITY OF NEW YORK, Defendant, and AIDE POHORILLE et al., Appellants. [744 NYS2d 675] —In an action to recover damages for personal injuries, the defendants Aide Pohorille and Raul Pohorille appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated January 17, 2002, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

An owner or a lessee is under no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of its premises (*see Booth v City of New York,* 272 AD2d 357; *Lakhan v Singh,* 269 AD2d 427). The failure to remove all of the snow is not negligence (*see Spicehandler v City of New York,* 303 NY 946; *Kennedy v C & C New Main St. Corp.,* 269 AD2d 499, 500), and liability will not result unless it is shown that the owner or lessee made the sidewalk more

hazardous by its attempts at removal (*see Lakhan v Singh, supra*; *Velez v City of New York,* 257 AD2d 570, 571).

The appellants presented evidence which established their prima facie entitlement to summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). In opposition, the plaintiff failed to raise a triable issue of fact with respect to her contention that the appellants made the sidewalk more hazardous by removing or attempting to remove snow and ice (*see Klein v Chase Manhattan Bank,* 290 AD2d 420; *Lakhan v Singh, supra*; *Velez v City of New York, supra*). In fact, the plaintiff testified at her examination before trial that the sidewalk where she fell had not been shoveled or cleared. Feuerstein, J.P., Schmidt, Adams and Crane, JJ., concur.