■ CATHERINE T. SAVAGE et al., Respondents, v BHUPENDRAH B. SHAH, Appellant. [748 NYS2d 33]

The injured plaintiff, Catherine T. Savage, allegedly slipped and fell on snow and ice while walking on a public sidewalk abutting property owned by the defendant. A driveway which provided access to the property traversed the sidewalk. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. We reverse.

"It is well settled that an owner of property is under no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of his or her premises" (*see Prado v City of New York,* 276 AD2d 765). "A failure to remove all of the snow is not negligence, and liability will not result unless it is shown that the defendant made the sidewalk more dangerous" (*Packes v Bally Total Fitness Corp.,* 278 AD2d 212; *see also Alexis v Lessey,* 275 AD2d 754).

After the defendant made a prima facie showing of his

entitlement to summary judgment as a matter of law, the plaintiffs offered no evidentiary proof sufficient to raise a triable issue of fact (*see* CPLR 3212 [b]) that any attempts at snow removal on the part of the defendant rendered the sidewalk more dangerous (*see Packes v Bally Total Fitness Corp., supra; see also Stewart v Yeshiva Nachlas Haleviym,* 186 AD2d 731). In addition, while it is true that an abutting landowner will be responsible for injuries occurring on a sidewalk which he or she puts to special use (*see D'Ambrosio v City of New York,* 55 NY2d 454, 462), such as a driveway (*see Azzara v Revellese,* 146 AD2d 592), the plaintiff must prove that the special use caused the defective condition and that the special use was a proximate cause of the accident (*see Blum v City of New York,* 267 AD2d 341, 342). After the defendant established that his special use of the driveway did not cause the hazardous condition, the plaintiffs failed to raise a triable issue of fact on that issue (*see Blum v City of New York, supra; see also Oathout v Soiefer Bros. Realty Corp.,* 253 AD2d 863). Feuerstein, J.P., Smith, Friedmann and Adams, JJ., concur.