(October 28, 2002)

■ HILDA M. ALBUJA, Respondent, v CITY OF NEW YORK, Respondent, and LI CHOR FAI et al., Appellants. [748 NYS2d 668] —In an action to recover damages for personal injuries, the defendants Li Chor Fai and Li Chung Lan appeal from an order of the Supreme Court, Queens County (Flug, J.), dated December 13, 2001, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims insofar as asserted against the appellants are dismissed, and the action against the remaining defendant is severed.

The plaintiff allegedly slipped and fell on a patch of ice on a public sidewalk abutting property owned by the appellants, Li Chor Fai and Li Chung Lan. The Supreme Court denied the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. We reverse.

It is well settled that an owner of property abutting a public sidewalk generally is under no duty to pedestrians to remove snow and ice that naturally accumulates upon the public sidewalk unless a statute expressly imposes tort liability for failing to do so (see Shivers v Price Bottom Stores, 289 AD2d 389; Packes v Bally Total Fitness Corp., 278 AD2d 212; Arzola v Doneca, 272 AD2d 422), or the property owner made the sidewalk more hazardous through negligent snow and ice removal efforts (see Case v City of New York, 295 AD2d 464; Shivers v Price Bottoms Stores, supra). Here, in opposition to the appellants' prima facie demonstration of entitlement to judgment as a matter of law, the respondents failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320). Thus, summary judgment should have been awarded to them. Ritter, J.P., Altman, H. Miller and Cozier, JJ., concur.