■ ANNE COOKE, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [751 NYS2d 536] —In an action to recover damages for personal injuries, the plaintiff appeals from an or-

der of the Supreme Court, Kings County (Hutcherson, J.), dated September 10, 2001, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant City of New York.

On February 4, 2000, at approximately 1:00 P.M., the plaintiff slipped and fell on a patch of ice located underneath snow on a sidewalk in front of the premises at 1933 Rockaway Parkway, Brooklyn. According to the plaintiff, she fell on a patch of dirty ice, which was approximately 2 to 3 inches thick, on the pathway of a sidewalk which was covered with snow approximately 4 to 5 inches high.

The plaintiff subsequently commenced this action against the City of New York and 2013 Flatbush Pix Realty Corp., the entity which owned the premises. The City moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion, finding, inter alia, that under the totality of the circumstances, the City did not have a reasonable amount of time to clear the snow and ice condition that caused the plaintiff's accident.

A municipal defendant will not be held liable for accidents resulting from snow or ice on its sidewalks unless a reasonable time has elapsed between the end of the storm giving rise to the icy condition and the occurrence of the accident (*see Valentine v City of New York,* 86 AD2d 381, *affd* 57 NY2d 932). A reasonable period of time is the period "within which the municipality should have taken notice of the icy condition and, in the exercise of reasonable care, remedied it by clearing the sidewalk or otherwise eliminating the danger" (*id.* at 383).

There are issues of fact as to whether the City had a reasonably sufficient amount of time to remedy the snow and ice condition caused by a snow storm which occurred 10 days before the plaintiff's accident (*see Shivers v Price Bottom Stores,* 289 AD2d 389; *Maldonado v New York City Tr. Auth.,* 261 AD2d 515). Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.