■ SHEILA PAYNE, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendant. [756 NYS2d 486] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Held, J.), entered November 21, 2001, as, upon the granting of the motion of the defendant New York City Housing Authority for summary judgment dismissing the complaint insofar as asserted against it, dismissed the complaint insofar as asserted against that defendant. Justice Santucci has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On March 14, 1997, between the hours of 9:00 A.M. and 10:00 A.M., the plaintiff sustained personal injuries when she slipped and fell on an outdoor walkway located in the Wyckoff Gardens Housing Authority (hereinafter the Housing Authority) complex. It was snowing and sleeting from 8:00 A.M., when the plaintiff left her residence in the complex, through the time of the plaintiff's accident. The grounds of the complex, including the specific area where the plaintiff fell, were covered with ice and snow. Upon returning to the complex and walking to her building, the plaintiff's foot slipped forward, causing her to land on her lower back and right elbow. Initially, the plaintiff thought that the sleet had caused her fall. As a result of the fall, however, snow was pushed aside, revealing a "black spot" where the plaintiff had slipped.

In this case, the defendant Housing Authority demonstrated the absence of any material issues of fact and established its entitlement to judgment as a matter of law. Based upon the plaintiff's testimony regarding the weather and condition of the walkway on the day she fell and the official weather reports from that day, the Housing Authority established that the plaintiff slipped and fell on snow. In opposition, the plaintiff failed to raise an issue of fact as to whether she slipped and fell on oil or snow. The plaintiff failed to present evidence demonstrating that the black spot was a substance that became slippery when wet. Absent such evidence, the plaintiff's claim that she slipped on oil was speculative (*see Goldblatt v LaShellda Maintenance Co.,* 278 AD2d 451 [2000]; *cf. Waller v City of New York,* 308 NY 820 [1955]; *Maldonado v New York City Tr. Auth.,* 261 AD2d 515 [1999]). The court, therefore, properly granted the defendant Housing Authority's motion for summary judgment. Ritter, J.P., Santucci, Feuerstein and Luciano, JJ., concur.