■ ELVA VERGARA, Respondent, v CITY OF NEW YORK, Defendant, and ANTHONY SCARFOGLIERO, Appellant. [760 NYS2d 65] —In an action to recover damages for personal injuries, the defendant Anthony Scarfogliero appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated April 29, 2002, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant.

The plaintiff slipped and fell while walking on a public sidewalk abutting the property of the defendant owner Anthony Scarfogliero. An owner of real property is under no obligation to remove snow and ice that naturally accumulates upon the sidewalk that abuts his or her property, and liability will not result unless it is shown that the owner made the sidewalk more hazardous through negligent removal of the snow (*see Grillo v Brooklyn Hosp.,* 280 AD2d 452 [2001]; *Arzola v Doneca,*

272 AD2d 422 [2000]). After the defendant owner made out a prima facie case for summary judgment, the plaintiff failed to establish the existence of any triable issue of fact with respect to her claim that the defendant owner made the sidewalk more hazardous by removing the snow in front of his premises (*see Lakhan v Singh,* 269 AD2d 427 [2000]; *Tosov v C & B Venture Corp.,* 261 AD2d 535 [1999]).

Accordingly, the Supreme Court should have granted the defendant owner's motion for summary judgment dismissing the complaint insofar as asserted against him. Ritter, J.P., McGinity, Townes and Mastro, JJ., concur.