■ DAVID LUCKS, Respondent, v LAKESIDE MFG., INC., Appellant. [758 NYS2d 841] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated May 31, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The proponent of a motion for summary judgment must make a prima facie showing of the entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Drago v King*, 283 AD2d 603 [2001]). Here, the defendant failed to eliminate all material issues of fact regarding the alleged defective condition of the subject table wings. The defendant's expert failed, inter alia, to tender sufficient evidence concerning the sound engineering practices that he contended involved the design and manufacture of the subject steam table (*see generally Felix v Akzo Nobel Coatings*, 262 AD2d 447, 449 [1999]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. S. Miller, J.P., Goldstein, McGinity and Mastro, JJ., concur.