■ CORA O'GARRO, Appellant, v DANIEL J. BAILEY et al., Respondents. [767 NYS2d 829]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated December 20, 2002, as upon, in effect, granting reargument, adhered to a prior determination in an order dated October 19, 2002, granting the defendants' motion for summary judgment dismissing the complaint.

Ordered that the appeal is dismissed insofar as taken against the deceased defendant Daniel J. Bailey, the orders dated December 20, 2002, and October 19, 2002, are vacated insofar as they purport to grant relief to that defendant, and the complaint is dismissed insofar as purportedly asserted against that defendant; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, upon reargument, so much of the order dated October 19, 2002, as granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Celestine B. Bailey is vacated, that branch of the motion is denied, and the complaint is reinstated against that defendant; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The plaintiff allegedly was injured when she slipped and fell on a public sidewalk outside premises owned by the defendant Celestine B. Bailey (hereinafter the defendant) in Queens. The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her, arguing that, as a mere abutting property owner, she had no duty to clear the pub-

lic sidewalk of snow or ice. The Supreme Court granted the motion. We reverse.

In general, an owner of property abutting a public sidewalk is under no duty to remove snow and ice that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so (*see Negron v G.R.A. Realty,* 307 AD2d 282 [2003]; *Archer v City of New York,* 300 AD2d 518, 519 [2002]; *Arzola v Doneca,* 272 AD2d 422, 423 [2000]; *Reidy v EZE Equip. Co.,* 234 AD2d 593, 594 [1996]). In the absence of such a statute or ordinance, the property owner may be held liable only if the owner makes the sidewalk more hazardous through negligent or improper snow removal efforts (*see Negron v G.R.A. Realty, supra; Archer v City of New York, supra; Arzola v Doneca, supra; Reidy v EZE Equip. Co., supra; cf. Schor v City of New York,* 304 AD2d 550 [2003]). Here, in support of that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted against her, the defendant failed to make out a prima facie case for such relief (*see Lopez v City of New York,* 290 AD2d 539 [2002]). Accordingly, that branch of the motion should have been denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

The defendant Daniel J. Bailey died before the commencement of the action. Accordingly, the portions of the orders relating to him must be vacated and the appeal dismissed insofar as it was taken against him (*see Golia v Golia,* 286 AD2d 368 [2001]; *Bluestein v City of New York,* 280 AD2d 506 [2001]). Ritter, J.P., Krausman, Schmidt and Crane, JJ., concur.