■ CELESTINE SMELLEY, Respondent, v JIMMIE AHMED, Also Known as JIMMIE STOCKLEY, Appellant. [771 NYS2d 167]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Dye, J.), dated March 24, 2003, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff slipped and fell on ice in the middle of a street. Where the defendant engages in snow removal, liability will not result unless it is shown that the defendant, by his or her snow removal operation, made the condition of the street more hazardous (see Plona v City of New York, 289 AD2d 215 [2001]; Palmer v City of New York, 287 AD2d 553 [2001]; Bautista v City of New York, 267 AD2d 265 [1999]; see also Bernstein v City of New York, 69 NY2d 1020 [1987]). The defendant established her entitlement to judgment as a matter of law by demonstrating that she did not create the alleged hazardous condition by negligently removing snow away from her car, which was parked at the curb of the street. In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Ritter, J.P., S. Miller, Luciano and Townes, JJ., concur.