■ ANN M. WILLIS et al., Appellants, v NEW YORK RACING ASSOCIATION, INC., Respondent. [781 NYS2d 355]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated February 10, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

In 1983 employees of the maintenance department of the defendant, New York Racing Association, Inc., constructed, assembled, and installed a cantilever gate to enable emergency vehicles to enter and exit the perimeter of the subject racetrack. The gate allegedly was constructed based on a design published by a fence manufacturer. The plaintiff Ann Marie Willis (hereinafter the plaintiff), an emergency medical technician, alleges that on April 24, 1996, while on duty at the defendant's premises, she injured her back when the cantilever gate jammed as she attempted to push it open.

The defendant in this case constructed the cantilever gate that allegedly injured the plaintiff. Under these circumstances, in order to establish its prima facie entitlement to judgment as a matter of law, the defendant had to tender evidence that the alleged malfunction was not due to any defect in the construction of the gate but, rather, was the result of circumstances not created by the defendant and of which it had no actual or constructive notice. In support of its motion for summary judgment, the defendant tendered evidence that it did not have notice of the problem allegedly experienced by the plaintiff. However, the defendant failed to submit any evidence, expert or otherwise, to establish that it did not create the allegedly dangerous condition. Because the defendant failed to establish its prima facie entitlement to judgment as a matter of law, its motion should have been denied regardless of the sufficiency of the opposing papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Avellino v TrizecHahn Newport*, 5 AD3d 519, 520 [2004]; *O'Garro v Bailey*, 2 AD3d 424, 425 [2003]; *Scholz v Kolan Holdings*, 305 AD2d 489, 490 [2003]; *Lucks v Lakeside Mfg.*, 305 AD2d 470 [2003]).

The defendant's remaining contention is without merit. Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.