■ VINSTON JEANSIMON, an Infant, by His Mother and Natural Guardian, MONESHA DAVIS, Respondent, v DAVID E. LUMSDEN et al., Appellants. [937 NYS2d 869]—

On August 13, 2009, the then 14-year old plaintiff, Vinston Jeansimon (hereinafter the plaintiff), allegedly was injured when, while playing tag with his friends, he slipped and fell on a slick substance on the public roadway on Barbey Street in Brooklyn. The plaintiff alleged that he slipped and fell on a fresh spot of oil that came from a motor vehicle owned by the defendant David E. Lumsden (hereinafter the appellant).

The Supreme Court erred in denying the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him. After the appellant established his prima facie entitlement to judgment as a matter of law, the plaintiff, in opposition, failed to raise a triable issue of fact. While a defendant may be liable for an affirmative act of negligence which

results in the creation of a dangerous condition upon a public street or sidewalk (*see Lau v City of New York*, 22 AD3d 529 [2005]; *Smelley v Ahmed*, 3 AD3d 559, 560 [2004]; *Skolnik v City of New York*, 296 AD2d 454, 455 [2002]), under the circumstances of this case, it would be mere speculation to conclude that the allegedly dangerous condition which caused the plaintiff to slip and fall was created by any affirmative act of negligence by the appellant. "Speculation and surmise are insufficient to defeat a motion for summary judgment" (*Skouras v New York City Tr. Auth.*, 48 AD3d 547, 548 [2008]; *see Cusack v Peter Luger, Inc.*, 77 AD3d 785, 786 [2010]; *Cohen v Schachter*, 51 AD3d 847 [2008]; *Frazier v City of New York*, 47 AD3d 757 [2008]; *Smelley v Ahmed*, 3 AD3d at 560; *Portanova v Dynasty Meat Corp.*, 297 AD2d 792 [2002]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.